STATE EX REL. A. J. RUSSELL, RELATOR, vs. WM. D. BARNES, RESPONDENT.

A rehearing will not be granted where the questions which the petition alleges to have been omitted to be decided by the court are necessarily determined, though not in express terms, by the determination of an alternative question in the case.

Upon motion for a rehearing.

Maxwell, J.: The petition for a rehearing in this case is founded on an allegation that the decision of the court was "made without regard to the constitutionality of the provision of the act of the Legislature of 1887, allowing and appropriating $2,000.00 for the payment of relator's salary for 1888; and hence the court omitted to decide whether said provision of said act was a legislative construction of the Constitution, and if it was such, whether the court should deprive the relator of his right to said salary * * * under the statute, by sustaining the Comptroller, * * * when no attack has been made upon the constitutionality of said act."

The claim of the relator for his salary was founded on the statute, and the respondent says he did not pay it because he was advised that the Constitution fixed the salary at $1,500.00, instead of $2,000.00. The question thus presented to the court was whether the salary should be paid as fixed by the new Constitution, notwithstanding the appropriation by the act of an amount allowing a larger payment? While the court in the decision complained of did not in express terms pronounce the provision of the act referred to unconstitutional, that is a necessary inference as to the excess, from holding that the salary to be paid relator was that prescribed by the new Constitution; and while also the court did not say whether the act furnished a legislative construction of the Constitution, and if it did, whether the court was not bound by it, the necessary inference from what the court did decide, is that even if the act furnished this legislative construction, that did not absolve the court from its duty to give a different construction when its reasoned judgment so dictated. Every respect is due from the courts to the enacted opinion of the Legislature on a constitutional question, but we do not understand that

such opinion is to be considered in all cases as final. It cannot be doubted that the decision of the court in this case meant this, if not so directly expressed.

The basis of the petition for a rehearing is therefore not well taken, and a rehearing is denied.