In Re Advisory Opinion to Governor.

---

In Re Advisory Opinion to the Governor.

Constitutional law.—Appropriations of public money must be made by law.—An enacting clause is a prescribed requisite of every law.—Joint resolution.

An appropriation of public money cannot be constitutionally made by a joint resolution adopted by both houses of the legislature that lacks the constitutionally prescribed requisite to make it *a law* of an enacting clause.

*Advisory Opinion to Governor.*

In the matter of the Communication of the 4th of October, A. D. 1901.

*To His Excellency, William S. Jennings, Governor of Florida:*

Sir—We are in receipt of your communication of the fourth instant, as follows:

"October 4, 1901

*To the Honorable Chief-Justice and Justices of the Supreme Court of Florida:*

Gentlemen—A joint resolution was passed by the Legislature of Florida of 1901 authorizing the acceptance

of a donation to the Florida Agricultural College of $10,-000 for the erection of a gymnasium and appropriating the sum of $2,500 or such part of that sum as may be necessary, for equipping said gymnasium in accordance with the terms of the donation as stated in the preamble and point resolution which was approved May 3, 1901, and numbered 9. The Comptroller has this day submitted for my signature and approval a warrant in payment of a sum under this appropriation.

The 4th section of Art. IX of the State Constitution reads: 'No money shall be drawn from the Treasury except in pursuance of an appropriation made by law.' I am in doubt as to the sufficiency and legality of said joint resolution as an appropriation of money to be drawn from the Treasury under the provisions of the Constitution of the State of Florida and as to my powers and duties to countersign said warrant, and now request your honors' opinion upon this point, so that I may be certain as to my executive powers and duties in the premises.

I have the honor to remain,

Yours very truly,

W. S. JENNINGS, *Governor of Florida."*

The resolution adopted by the Legislature of 1901, to which you refer is as follows:

"A JOINT RESOLUTION, Authorizing the Acceptance of a Donation to Florida Agricultural College, and Appropriating Money for the Equipping of such Gymnasium.

"Whereas, Henry M. Flagler, in a letter to Hon. Geo. W. Wilson, president of the Board of Trustees of Florida Agricutural College, says: "My information is that you

are badly in want of a gymnasium at this college, and I shall be happy to contribute the sum of 'ten thousand dollars to a building for such a purpose, provided the State of Florida will contribute an amount to properly equip such an institution;' therefore,

"*Resolved, by the Senate, the House of Representatives concurring,* That the Board of Trustees of the Florida Agricultural College is hereby authorized to accept the said donation for the erection of a building for a gymnasium, and that the sum of twenty-five hundred dollars or so much thereof as may be necessary, is hereby appropriated to properly equip such an institution in accordance with the terms of the donation. Approved May 3, 1901."

In short, the question submitted by you for our solution is: Whether or not this resolution effects under our constitution a legal appropriation of the sum of money therein mentioned, so as to authorize you as Governor to countersign a warrant on the public treasury therefor. Section four of Article IX of the constitution of 1885 provides that "No money shall be drawn from the treasury except in pursuance of appropriations made by law."

And section twenty-four of Article IV provides that "The treasurer shall receive and keep all funds, bonds, and other securities in such manner as may be prescribed by law, and shall disburse no funds, nor issue bonds, or other securities, except upon the order of the Comptroller countersigned by the Governor, in such manner as shall be prescribed by law."

And section eighteen of Article IV provides that "The Governor shall have power to disapprove of any item or items of any bills making appropriations of money embracing distinct items, and the part or parts of the bill approved shall be the law, and the item or items of appro-

priation disapproved shall be void, unless repassed according to the rules and limitations prescribed for the passage of other bills over the Executive veto."

Section fifteen of Article III provides that "The enacting clause of every law shall be as follows: ' Be it enacted by the Legislature of the State of Florida.' "

Section seventeen of Article III provides that "Every bill shall be read by its title, on its first reading, in either house, unless one-third of the members present desire it read by sections. Every bill shall be read on three several days, unless two-thirds of the members present when such bill may be pending shall deem it expedient to dispense with this rule. Every bill shall be read by its sections on its second reading and on its final passage, unless on its second reading two-thirds of the members present in the House where such bill may be pending, shall deem it expedient to dispense with this rule. The vote on the final passage of every bill or joint resolution shall be taken by yeas and nays to be entered on the journal of each house; *Provided,* That any general revision of the entire laws embodied in any bill shall not be required to be read by sections upon its final passage, and its reading may be wholly dispensed with by a two-thirds vote. A majority of the members present in each House shall be necessary to pass every bill or joint resolution. All bills or joint resolutions so passed shall be signed by the presiding officer of the respective Houses and by the Secretary of the Senate and Clerk of the House of Representatives."

Section twenty-eight of Article III provides that "Every bill that may have passed the Legislature, shall, before becoming a law, be presented to the Governor; if he approves it he shall sign it, but if not he shall return it with his objections to the house in which it originated,

which house shall cause such objections to be entered upon its journal and proceed to reconsider it; if, after such reconsideration, it shall pass both houses by a two-thirds vote of members present, which vote shall be entered on the journal of each house, it shall become a law. If any bill shall not be returned within five days 'after it shall have been presented to the Governor (Sundays excepted) the same shall be a law, in like manner as if he had signed it. If the legislature, by its final adjournment prevent such action, such bill shall be a law, unless the Governor, within ten days after the adjournment, shall file such bill, with his objections thereto, in 'the office of the Secretary of State, who shall lay the same before the legislature at its next session, and if the same shall receive two-thirds of the votes present it shall become a law."

It will be observed from the sections quoted from our constitution and others therein that money can be appropriated by the legislature only by means of a bill by it *enacted into law* with the formalities prescribed by the constitution for enacting bills into *laws* as distinguished from *resolutions*.

By the provisions of section four of Article IX, above quoted, a draft of money from the public treasury is expressly prohibited unless in pursuance of an appropriation made *by law*. The resolution under discussion lacks the essential requisites to make it *a law* of *an enacting clause,* and, in our judgment, is not effectual *as 'a law* to make the appropriation of money thereby attempted. Section 15, Article 3, Constitution; State *ex rel.* Chase v. Rogers, 10 Nev.. 250; May v. Rice, 91 Ind. 546; State v. Patterson, 98 N. C. 660, 4 S. E. Rep. 350; Sjoberg v. Security Sav. & Loan Association, 73 Minn. 203, 75 N.

W. Rep. 1116; People v. Dettenthaler, 118 Mich. 595, 77 N. W. Rep. 450, S. C. 44 L. R. A. 164.

                     Respectfully,

              R. F. TAYLOR, Chief Justice Supreme Court.
              M. H. MABRY, Justice Supreme Court.
              FRANCIS B. CARTER, Justice Supreme Court.