*In re* ADVISORY OPINION TO THE GOVERNOR.

Opinion Filed December 4, 1925.

Under Section 4, Article III, and Section 24 of Article IV, of the State Constitution, the Governor is not authorized to countersign orders or warrants drawn upon State funds for "the pay of members of the Senate and House of Representatives" in amounts that in the aggregate "exceed six dollars a day for each day of session and mileage to and from their home to the seat of government, not to exceed ten cents a mile each way, by the nearest and most practicable route," even though legislation attempts to authorize additional amounts to be paid to members.

STATE OF FLORIDA—EXECUTIVE DEPARTMENT.
Tallahassee, Fla., December 2, 1925.

To the Honorable,
    The Justices of the Supreme Court of Florida,
    Tallahassee, Fla.

Gentlemen:

Under the provisions of Section 13 of Article 4 of the Constitution of Florida, I have the honor to request your written opinion affecting my powers and duties as Chief Executive under the following provisions of the Constitution:

Section 24 of Article 4 provides:

"The Treasurer shall receive and keep all funds, bonds,

and other securities, in such manner as may be prescribed by law, and shall disburse no funds, nor issue bonds, or other securities, except upon the order of the Comptroller countersigned by the Governor, in such manner as shall be prescribed by law."

Amongst other things, Section 4 of Article 3 provides:

" * * * The pay of members of the Senate and House of Representatives shall not exceed six dollars a day for each day of session and mileage to and from their homes to the seat of government, not to exceed ten cents a mile each way, by the nearest and most practicable route."

Chapter 11337, Laws of Florida, passed at the extraordinary session of the Legislature which convened on November 17th, 1925, which Chapter has now become a law, amongst other things provides:

"Section 4. The members of the House of Representatives of the present extraordinary session of the Legislature shall also be allowed an additional amount for necessary extra expenses, not to exceed four dollars per day. The same to be paid out of the appropriation for expense of the extraordinary session of the Legislature (begun November 17th, 1925)."

A warrant drawn on the State Treasurer for the disbursement of State funds, under the supposed authority of said Chapter 11337, Section 4, has been presented to me for my signature as required by the Constitution.

Will you please advise me whether or not in view of the foregoing Constitutional provisions I may lawfully affix my signature, as Governor, to the warrant aforesaid for the disbursement of State funds.

Respectfully,

JOHN W. MARTIN,

Governor.

Tallahassee, Florida, December 3rd, 1925.

To His Excellency,
    John W. Martin,
    Governor.

Sir :

In reply to your enquiry made under Section 13 of Article IV of the Constitution you are advised that while under Section 4, Article IX of the Constitution, "no money shall be drawn from the treasury except in pursuance of appropriations made by law" (In re Advisory Opinion, 43 Fla. 305, 31 South. Rep. 348; in re Advisory Opinion, 79 Fla. 137, 83 South. Rep. 672), yet appropriations of amounts not within the limitations contained in the Constitution, can not lawfully be disbursed (State ex rel. Russell v. Barnes, 25 Fla. 75, 5 South. Rep. 698; State ex rel. Russell v. Barnes, 25 Fla. 86, 5 South. Rep. 703; State ex rel. Mitchell v. Bloxham, 26 Fla. 407, 7 South. Rep. 873); and that while Section 24 of Article IV requires all orders for the disbursement of State funds to be countersigned by the Governor, yet Section 4, Article III, limits the authority of the Governor to countersign orders or warrants drawn upon State funds for "the pay of members of the Senate and House of Representatives" to amounts that in the aggregate "shall not exceed six dollars a day for each day of session and mileage to and from their homes to the seat of government, not to exceed ten cents a mile each way, by the nearest and most practicable route." The fact that legislation purports to authorize the payment of sums in excess of the limitations imposed by the Constitution and to appropriate an amount in excess of the organic limitation, can not authorize such

payments from State funds in violation of the express provisions of the Constitution.

Very respectfully,

J. B. WHITFIELD,
W. H. ELLIS,
GLENN TERRELL,
LOUIE W. STRUM,
ARMSTEAD BROWN,
Justices.