IN RE: ADVISORY OPINION TO GOVERNOR.

En Banc.

Opinion Filed November 23, 1927.

STATE OF FLORIDA,

EXECUTIVE DEPARTMENT,

Tallahassee, Florida,
November 4th, 1927.

TO THE HONORABLE CHIEF JUSTICE AND JUS-
TICES OF THE SUPREME COURT OF THE
STATE OF FLORIDA:

At the 1927 Session of the Florida Legislature, certain
changes were made in the laws providing funds for the
State Road Department subsequent to the adoption of the
budget of such Department outlining its expenditures for
the ensuing year, and in order to enable the State Road
Department to meet the contingency of a temporary
shortage of funds with which to execute its budget and
contracts based thereon, the Legislature at the 1927 ses-
sion enacted the following entitled law:

"An Act to authorize and empower the State Road
Department of the State of Florida to Borrow Money at
a rate of interest not to exceed Six Per Centum Per An-
num Under Certain Circumstances and to provide the
manner in which such money shall be repaid." Approved
June 2, 1927.

By the terms of this Act, it is provided that whenever
the resources of the State Road Department in any given
year will prove insufficient to meet the obligations *in-
curred* by the said Department in carrying out its budget
of maintenance and construction for such year, that the
said Department by and with the consent of the Governor
is authorized to borrow money at the rate of interest
limited in said Act, for the purpose of meeting such obli-
gations and carrying on the work of the Department for

the remainder of the said budget year, the amount authorized to be borrowed in any one year being limited by an amount estimated by the Department as its resources for the year and restricted to an amount not in excess of twenty per cent of such estimated resources for such year, it being also expressly provided that said sums borrowed shall be paid in full before the Department shall be authorized to borrow on the estimate for any succeeding year.

By Section 2 of this Act, it is provided that all payments of principal and interest shall be by warrant drawn by the Comptroller on the State Treasurer in the manner provided in Section 1194 of the Revised General Statutes of Florida.

Pursuant to this Act, and based upon the proceedings of the State Road Department, certified copies of which are transmitted to you with this communication, on October 3rd, 1927, I consented to the borrowing by said State Road Department of the sum of two million dollars, or so much thereof as said Department deemed necessary to meet the emergency recited in the proceedings which lead up to my approval of the same, said loan to be for a period not exceeding ninety days, with such extension or extensions as may be found necessary to meet the exigencies of the occasion, and said loan to be at a rate of interest not to exceed six per centum per annum.

Acting by authority of the proceedings above mentioned, and of the said Statute (Chapter 12,297, Act of 1927), the State Road Department has negotiated with the Capital City Bank of Tallahassee, Florida, to make to said Department, a portion of the loan so authorized as aforesaid, and to evidence the same, said State Road Department has given to said bank its non-negotable written promise to repay the amount borrowed with interest on or before ninety days after date.

Adequate appropriations were made at the 1927 session of the Legislature to enable the State Road Department to repay all of the money so proposed to be borrowed under authority of the above mentioned proceedings, but the moneys so appropriated have not yet been collected in full, although same are in immediate prospect of being collected on or about the date of the maturity of the proposed loan.

It therefore appears that all moneys thus proposed to be borrowed on short term loans, by said State Road Department, under the Act aforesaid, are fully covered by existing appropriations made for the next ensuing two fiscal years, by the General Appropriation Act passed by the Legislature of 1927, but that owing to the fact that the money to meet these appropriations is temporarily not available and will not be available until collected in the course of collection of anticipated current revenues, provision for raising which has been made by taxation provided by the Legislature.

The Attorney General of the State of Florida has approved the validity of the above mentioned Chapter 12,297, Acts of 1927, authorizing the above mentioned loan, as well as proceedings taken by the Department and by me as Governor, under said Act, said Attorney General stating that he based his approval of same upon consideration of the fact that funds to meet the repayment of the moneys borrowed must be considered in esse for the payment of the notes made and proposed to be made by the State Road Department to carry out said loan, provision having already been made in existing laws for the levy and collection of gasoline and other taxes for the benefit of the State Road Department sufficient to repay the amounts borrowed out of existing appropriations and contemplated

revenues during the next two years. State ex rel, Rankin, Atty. Gen. v. State Board, 197, Pac. 988.

However, Section 6 of Article IX of the Constitution of the State of Florida provides as follows:

"Section 6. The Legislature shall have power to provide for issuing State bonds only for the purpose of repelling invasion or suppressing insurrection, or for the purpose of redeeming or refunding bonds already issued, at a lower rate of interest."

And Section 24 of Article IV of the Constitution provides:

"Section 24. The Treasurer shall receive and keep all funds, bonds, and other securities, in such manner as may be prescribed by law, and shall disburse no funds, nor issue bonds, or other securities, except upon the order of the Comptroller countersigned by the Governor, in such manner as shall be prescribed by law."

I now have before me an order of the Comptroller drawn upon the State Treasurer in the manner provided in Section 1194 of the Revised General Statutes of Florida, for the payment under Section 2 of said Chapter 12,297, Acts of 1927, of the amount of interest due the Capital City Bank on a loan made by it to the State Road Department under the term of said Act and the proceedings hereinbefore referred to and I therefore request, by authority of the power vested in me as Governor of the State of Florida by Section 13 of Article IV of the Constitution of the State of Florida, that you render to me your opinion in writing as provided in said last mentioned provision of the Constitution, as to whether or not it is my executive duty as Governor of the State of Florida to countersign said warrant so drawn by the Comptroller on the Treasurer, in view of the provisions of Section 6 of Article IX of the Constitution of the State of Florida, which pro-

hibits the issuance of state bonds for the purpose of constructing or maintaining state roads, and also that you interpret for me said Section 6 of Article IX of the Constitution of the State of Florida, above referred to, by advising me whether or not temporary loans of money under Chapter 12,297, Acts of 1927, to the State Road Department, constitute a violation of such Section 6 of Article IX of the Constitution, such as would authorize me as Governor, in the performance of my executive duties, to refuse to countersign the warrant tendered to me to be countersigned, and which it is my executive duty to countersign as provided by Section 24 of Article IV of the Constitution of this state, unless I can justify as refusal to do so because same would violate said Section 6 of Article IX of the Constitution of Florida.

My request for your written opinion in the matter is based upon Section 13 of Article IV of the Constitution of Florida, as followed by you in the following cases where opinions to the Governor have been rendered under similar circumstances. Advisory Opinion to Governor Reed, 13 Fla. 699; Advisory Opinion to Governor Re Signing Warrants to Pay Special Expenses Legislators Extra Session 1925 Legislature, 107 So. 366.

Respectfully submitted,
JOHN W. MARTIN,
Governor of Florida.

### CHAPTER 12,297—(No. 492)

AN ACT to Authorize and Empower the State Road Department of the State of Florida to Borrow Money at a Rate of Interest Not to Exceed Six Per Cent Per Annum Under Certain Circumstances and to Provide the Manner in Which Such Money Shall Be Repaid.

*Be It Enacted by the Legislature of the State of Florida:*

Section 1. That whenever it shall appear to the State Road Department that the resources of the Department in any given year will prove insufficient to meet the obligations incurred by the said Department in carrying out its budget of maintenance and construction work for such year, the said Department by and with the consent of the Governor shall be and is hereby authorized and empowered to borrow money at a rate of interest not to exceed six per cent per annum, for the purpose of meeting such obligations and carrying on the work of the Department for the remainder of said budget year. Provided, however, That it shall be unlawful for said Department to borrow any sum of money in any one year in excess of twenty per cent of the amount estimated by them as the resources of the Department for such year, which said sum or sums so borrowed shall be paid in full before the Department shall be authorized to borrow on the estimate for any succeeding year.

Section 2. That all payments of principal and interest made under Section 1 of this Act shall be by warrant drawn by the Comptroller on the State Treasurer in the manner provided in Section 1194, of the Revised General Statutes of Florida.

Section 3. This Act shall take effect upon its becoming a law.

Approved by the Governor June 2, 1927.

## STATE OF FLORIDA

### OFFICE OF SECRETARY OF STATE.

I, H. CLAY CRAWFORD, Secretary of State of the State of Florida, DO HEREBY CERTIFY that the above

and foregoing is a true and correct copy of Chapter 12,297 (No. 492), Laws of Florida, session 1927, as approved by the Governor and filed in this office.

THE GREAT
SEAL
OF THE STATE
OF FLORIDA.

Given under my hand and the Great Seal of the State of Florida at Tallahassee, the Capital, this the 21st day of October, A. D. 1927.

H. CLAY CRAWFORD,
Secretary of State.

Whereas, by the terms of Chapter 12,297, enacted by the Legislature of 1927, and approved by the Governor June 2nd, 1927, it is provided that whenever it shall appear to the State Road Department that the resources of the Department in any given year will prove insufficient to meet the obligations incurred by the department in carrying out its budget of construction and maintenance work for such year, that the Department by and with the consent of the Governor shall be and is authorized and empowered to borrow money, not to exceed twenty per cent of the estimated resources of the Department for said year, at a rate of interest not to exceed six per cent per annum, for the purpose of meeting such obligations and carrying on the work of the Department for the remainder of the said budget year; and

Whereas, it now appears to this Department that the resources of the Department for the remainder of the present budget year will prove insufficient to meet the obligations incurred by the Department in carrying out its budget of construction and maintenance work for such year by reason of the following contingencies, that is to say:

1. Because of the decrease month by month in the funds coming to the Department from its share of the tax collected on gasoline;

2. Because of a deficit of $300,000.00 in the amount expected to be received from the ad valorem tax for the State Road Fund;

3. Because of the elimination by the Legislature of 1927 of the ad valorem tax heretofore levied for the State Road Fund; and

4. Because of the appropriation to other purposes of a portion of the inspection tax on gasoline which formerly was apportioned to State Road funds; and

Whereas, because of the advantageous bids which have been and are being received for road construction work, and the material contribution which the work of the Department makes to relieve unemployment during this time of depression, it has not been deemed wise by the Department to curtail its programme of construction to an extent which would affect the general progress of the work, and

Whereas, it is now apparent to this Department that it is necessary in order to meet its obligations incurred for construction and maintenance work during the present year that the Department borrow such sum of money as shall be necessary to discharge its obligations and keep its work going for the period of the next three months, or until the monies derived from automobile license taxes shall begin to come in;

NOW, THEREFORE, BE IT RESOLVED BY THE STATE ROAD DEPARTMENT OF THE STATE OF FLORIDA, That this Department, by and with the consent of the Governor do borrow the sum of Two Million Dollars or so much thereof as shall be necessary for the purposes above set out, for a period of ninety days, and at a rate of interest not exceeding six per cent per annum.

Be it Further Resolved, That the Chairman of this Department be and he is hereby authorized and empowered to

negotiate and effect a loan of Two Million Dollars or so much thereof as he may find necessary for the purposes aforesaid, for a period of ninety days, and to agree to pay therefor not more than six per cent interest per annum thereon, and that he be and he is hereby authorized and empowered to execute, sign and deliver such document, paper or debenture by, on behalf and in the name of this Department, as may be necessary to procure the said loan.

Be it Further Resolved, That in effecting the said loan the said Chairman be and he is hereby directed to give preference to banking institutions situate within the State of Florida.

Be it Further Resolved, That this Department does hereby officially find and certify that the said sum of Two Million Dollars proposed to be borrowed as aforesaid, is less than twenty per cent of the amount estimated by said Department as the resources of said Department for said year.

Be it Further Resolved, That His Excellency, Hon. John W. Martin, Governor of the State of Florida be, and he is hereby respectfully requested to give his official consent to the borrowing of the said sum of money as aforesaid, in accordance with the terms and provisions of said Act of the Legislature.

Adopted by State Road Department by unanimous vote of all members, in regular quarterly meeting assembled this 3rd day of October, A. D. 1927.

Witness our hands

(Signed)  F. A. Hathaway,
Chairman.
(Signed)  W. J. Hillman.
(Signed)  I. E. Schilling.
(Signed)  E. P. Green.
(Signed)  J. H. Bayliss.

STATE OF FLORIDA
STATE ROAD DEPARTMENT

I, W. P. Bevis, Secretary of the State Road Department of the State of Florida, hereby certify that the above and foregoing is a true and correct copy of a resolution adopted by the State Road Department at its regular quartely meeting held in the City of Tallahassee on Oct. 3rd A. D. 1927, original of which is on file and of record in this office.

In Testimony Whereof, I have hereunto set my hand and affixed the Seal of the State Road Department this the 10th day of October, A. D. 1927.

(SEAL)                       W. P. BEVIS,
Of the State Road                  Secretary.
Department of Florida.

Whereas, the State Road Department of the State of Florida by resolution duly adopted at a regular meeting of the said Department held in Tallahassee,. October 3rd, 1927, has officially made it known to me as Governor of Florida, that the resources of the said Department for the present year will prove insufficient to meet the obligations incurred by the said Department in carrying out its budget of maintenance and construction work for such year, and

Whereas, said Department has officially found and determined that it is necessary in order to meet the said obligations and carry on the work of said Department to borrow the sum of Two Million Dollars, or so much thereof as may be found necessary for the purpose aforesaid, and

Whereas, it has further been made officially known to me by the said Department that the said sum of Two Million Dollars is less than twenty per cent of the amount estimated by said Department as the resources of said Department for the said budget year, and

Whereas, the said State Road Department in and by the

said resolution aforesaid, has officially requested the consent of the Governor to the borrowing of said money, as provided by law.

NOW, THEREFORE, I, JOHN W. MARTIN, Governor of the State of Florida, by virtue of the power and authority by law vested in me by Chapter 12,297, Laws of Florida, Acts of 1927, do hereby give consent to the borrowing of said money by the said Department, that is to say, do give consent to the borrowing by said State Road Department of the sum of Two Million Dollars, or so much thereof as may be deemed and found necessary for the purposes aforesaid, for a period of ninety days, with such extension or extensions as may be found necessary by the exigencies of the occasion, and at a rate of interest not to exceed six per cent per annum.

In Testimony Whereof, I have hereunto set my hand, this the 3rd day of October, A. D. 1927.

(Signed) JOHN W. MARTIN,

Governor.

STATE OF FLORIDA,
STATE ROAD DEPARTMENT.

I, W. P. Bevis, Secretary of the State Road Department of the State of Florida, hereby certify that the above and foregoing is a true and correct copy of the consent of the Governor to the borrowing of Two Million Dollars by the State Road Department, original of which is on file in this office.

In Testimony Whereof, I have hereunto set my hand and affixed the Seal of the State Road Department this the 10th day of October, A. D. 1927.

(SEAL)                                    W. P. BEVIS,
Of the State Road                         Secretary.
Department of Florida.

No. 1.                                    $20,00.00

## STATE OF FLORIDA,

## STATE ROAD DEPARTMENT.

Ninety days after date, the State Road Department of the State of Florida, promises to pay to Capital City Bank, Tallahassee, the principal sum of Twenty Thousand Dollars at the office of the State Treasurer of Florida, in Tallahassee, or in Jacksonville, Florida, for value received, with interest at the rate of five per centum (5%) per annum from date until paid.

This obligation is one of, and included in, a series of non-negotiable notes of even date herewith and of like tenor and effect, aggregating the sum of Two Million Dollars ($2,000,000.00) issued by the State Road Department of Florida for money borrowed by said Department by and under the provisions of a resolution duly and unanimously adopted by said Department at the regular quarterly meeting thereof held in the City of Tallahassee on the third day of October, A. D. 1927, and authorized by an Act of the Legislature of the State of Florida of 1927, approved June 2nd, 1927, and entitled: "An Act to Authorize and Empower the State Road Department of the State of Florida to Borrow Money at a rate of Interest not to Exceed Six Per Cent Per Annum under Certain Circumstances and to Provide the Manner in which such Money shall be Repaid," being Chapter 12,297, Laws of Florida, 1927.

IT IS HEREBY RECITED AND CERTIFIED: That all acts, conditions and things required to be done precedent to and in the issuance of this note by the laws of the State of Florida have duly happened and been performed; that consent to the borrowing of said sum of money has been duly given by the Governor of Florida;

that it is made the duty of the State Road Department to pay and redeem the said note as it matures, and to pay the interest thereon as it accrues, upon vouchers issued by the Secretary of the Department and countersigned by the chairman, and paid by warrants issued by the State Comptroller upon the State Treasurer, and that the total indebtedness of the said Department, including this note, does not exceed any constitutional or statutory limitation, and that the total sum borrowed by the Department under authority of said resolution and Act, does not exceed twenty per cent (20%) of the amount estimated by the Department as its resources for budget year in which the same is borrowed.

Witness the signature of the Chairman of the State Road Department of the State of Florida, attested by the Secretary thereof, and the official seal of said Department, this 1st day of November, A. D. 1927.

F. A. HATHAWAY,
Chairman.

Attest:

SEAL OF
THE STATE
ROAD DEPARTMENT
OF FLORIDA.

W. P. BEVIS,
Secretary.

CONSENT to the borrowing of the money covered and represented by the within Note duly given by His Excellency, Hon. John W. Martin, Governor of Florida, October 3rd, 1927.

FORM AND VALIDITY approved by Hon. Fred H. Davis, Attorney General, October 17th, 1927.

### SUPREME COURT OF FLORIDA,

Tallahassee, Fla.,
November 21, 1927.

The Honorable John W. Martin,
    Governor of Florida,
    Tallahassee, Fla.

Sir :—

Your communication of the 4th instant requests the opinion of the Justices of this Court whether it is your executive duty as Governor of the State of Florida to countersign certain warrants drawn by the Comptroller of the State on the State Treasurer for the payment of interest due a certain bank in this city on a loan made by it to the State Road Department under the terms of Chapter 12,297, Acts of 1927, and the proceedings of that Department whereby it was resolved that the resources of the Department for the remainder of the present budget year will prove insufficient to meet the obligations incurred by the Department in carrying out its budget of construction and maintenance work for such year.

You also request an interpretation of Section 6 of Article IX of the State Constitution, which relates to the matter of issuing State bonds.

In the view we have of the subject matter of your communication the two questions are so intimately related that the consideration of the latter necessarily involves the former, because it is clearly not your executive duty under the Constitution of the State to countersign warrants of the Comptroller upon the State Treasurer which are not drawn in pursuance of appropriations made by law. Sec. 4, Article IX Constitution.

Assuming that the Act referred to contains an appropriation of public funds, although it is not specific either as

to amounts or funds appropriated, nor is it made in suitable or appropriate words, it may be treated as an appropriation by implication so that its sufficiency under Section 4 of Article IX of the Constitution may be deemed established.

The question recurs therefore upon your duty under the Constitution to countersign the warrants for the purpose stated in your communication.

The Road Department is a State agency and component part of the State government. The product of its work is State property, it exercises a part of the sovereign power of the State and its activities are supported by funds created by State taxes and Federal Aid funds. A debt therefore incurred by the Road Department pursuant to lawful authority is a State obligation, whether it matures in a long or short time.

In construing a similar clause in the Constitution of 1868, the Supreme Court, speaking through Mr. Chief Justice RANDALL, said that a State bond is only a promise to pay the principal and interest of its debt equally binding upon us whether it be in the form of a bond or an open indebtedness, and that the "issue and sale of bonds for the purpose of raising funds with which to pay the current and future ordinary expenses of the State is not warranted by the Constitution." Cheney v. Jones, 14 Fla. 587.

In these particulars the Constitution of 1885 means the same as did the Constitution of 1868. The instrument upon which money was borrowed in this case is under the seal of the State Road Department of the State of Florida. Davenport v. Dodge County, 105 U. S. 237, 26 L. Ed. 1018.

The constitutional provision under consideration in the Cheney case provided as follows: "The Legislature shall

provide for raising revenue sufficient to defray the expenses of the State for each fiscal year, and also a sufficient sum to pay the principal and interest of the existing indebtedness of the State." "The Legislature shall have power to provide for issuing State bonds bearing interest for securing the debt, and for the erection of State buildings, support of State institutions and perfecting public works."

The construction and maintenance of State roads are now among the current expenses of the State, to defray which expenses the Constitution, Section 2, Article IX, commands the Legislature to provide for raising revenue sufficient for each fiscal year. The Constitution contemplates that State expenses shall not exceed the revenue raised for each fiscal year, and that provision for raising revenue *sufficient* to defray the expenses of the State for each fiscal year shall be made by the Legislature by means other than borrowing money by issuing State bonds or promises for the State to pay the amount borrowed in the future, with interest, since, under Section 6, Article IX of the Constitution, State bonds can now be issued "*only* for the purpose of repelling invasion or suppressing insurrection." The spirit as well as the letter of this section should be preserved and given full force and effect. Its purpose should not be defeated or frittered away by any narrow or technical construction. The Constitution does not contemplate that State revenues may be anticipated or supplemented by money borrowed upon promises to pay in the future, made for the State by a State agency. Where appropriations for State expenses may be made dependent upon future collections of revenue, the appropriations may be made available to pay such expenses when the collections are made.

Prior to the adoption of the Constitution of 1868 the

State indebtedness was approximately one hundred and fifty thousand, two hundred dollars. In the Cheney case it was held that the power of the Legislature to issue bonds was circumscribed and limited to the issuing of bonds for securing *existing* public indebtedness, the erection of State buildings, the support of State institutions and perfecting public works. ''The Constitution,'' said the court, ''has specified these as the objects for which bonds may be authorized.'' ''We think it was intended to prevent the profligate increase of the public burdens by putting afloat *promises* to *pay* more than we receive; to prevent the depreciation of our credit by hawking it about at a large discount for the sake of temporary relief; almost sure to result in future disaster.''

When the Constitution of 1885 was adopted the two sections were recast. Section 2 of Article IX provides that: ''The Legislature shall provide for raising revenue sufficient to defray the expenses of the State for each fiscal year, and also a sufficient sum to pay the principal and interest of the existing indebtedness of the State.'' Upon the matter of issuing bonds, or as the Supreme Court said, promises to pay or open indebtedness. Section 6 of the same article provides that: ''The Legislature shall have power to provide for issuing State bonds only for the purpose of repelling invasion or suppressing insurrection or for the purpose of redeeming or refunding bonds already issued at a lower rate of interest.'' It thus withheld the power to issue bonds, incur indebtedness by promissory notes or otherwise for the purpose of supporting State institutions, erecting State buildings and perfecting public works.

The modification of the provision contained in the Constitution of 1868 relating to the issuing of bonds as construed by the Supreme Court in Cheney v. Jones, *supra*,

is evident from the language of the Constitution of 1885 upon that subject.

While Chapter 9312, Acts of 1923, provides that the budget of construction and maintenance work shall bear a co-ordinate relation to the estimated income for the year, no limit of time is fixed for the running of the loan provided for by Chapter 12,297, Acts of 1927, nor when it shall be incurred during the year after the budget is completed, nor the form of the obligation to be issued, nor is the authority to borrow limited to obligations incurred for work actually completed within the budget plan for the year. In our view any attempt to authorize an agency of the State to borrow money or issue any promise to pay which would be an obligation of the State for anticipated public work, is in violation of the provisions of the Constitution upon that subject.

We are, therefore, of the opinion that it is not your duty under the Constitution to countersign such warrants for the payment of either principal or interest upon such indebtedness.

Very respectfully,

W. H. ELLIS, Chief Justice;
J. B. WHITFIELD,
LOUIE W. STRUM,
ARMSTEAD BROWN,
RIVERS BUFORD,

Justices.

To His Excellency
  John W. Martin,
    Governor of Florida.