*In Re* Advisory Opinion to GOVERNOR DAVID SHOLTZ on Authority to Countersign Certain State Warrants for Salaries Due Circuit Judges, State's Attorneys and Official Court Reporters.

154 So. 154.
Opinion Rendered April 14, 1934.

State of Florida
EXECUTIVE DEPARTMENT
TALLAHASSEE
April 12, 1934.

DAVID SHOLTZ
*Governor*

Honorable Chief Justice and
Justices of the Supreme Court
of the State of Florida.
Gentlemen:

Chapter 15859, Laws of Florida, Acts of 1933, fixes the annual salaries of the Circuit Judges, State Attorneys and Court Reporters. Chapter 15858, Laws of Florida, Acts of 1933, being the General Appropriation Bill, provides an appropriation for the payment of salaries under the Judicial Department in the amount of $250,000.00. This appropriation has been used for the payment of the salaries of the Circuit Judges, State Attorneys and Court Reporters.

The Comptroller has drawn warrants payable to the Circuit Judges, State Attorneys and Court Reporters in the amount of $25,446.98. These warrants are dated April 30th, for salaries, for the month of April, 1934, and if countersigned by me, will not be delivered until May 1, 1934. The Comptroller advises me that he issues monthly approximately 15,000 warrants and that it is physically impossible for him to issue and present to me these warrants on the day that they become due. He has delivered to me the above mentioned warrants in the usual course of business for me to countersign.

The appropriation for salaries under the Judicial Department as set forth in Chapter 15858, *supra,* is not sufficient to pay all of these warrants. If the warrants are countersigned by me and delivered the appropriation will be

exceeded by $3,307.30. However, I am further advised by the Comptroller's office that the General Fund has sufficient to pay these warrants, which, of course I am willing and anxious to do, providing I can do so under the law. In all probability in the minds of the legislators the amount set in the appropriation was believed to be sufficient to pay these salaries.

I request by authority of the power vested in me as Governor of the State of Florida by Section 13, Article IV, of the Constitution of The State of Florida, that you render to me your opinion in writing as provided therein, as to whether or not it is my executive duty, under Section 24 of Article IV and Section 4 of Article IX of the Constitution of the State of Florida, as Governor of the State of Florida, to countersign the warrants drawn by the Comptroller to the order of the Circuit Judges, State Attorneys and Court Reporters as above set out.

Respectfully submitted,

DAVID SHOLTZ,
*Governor.*

*In Re:* Advisory Opinion to GOVERNOR DAVID SHOLTZ on Authority to Sign Certain State Warrants for Salaries Due Circuit Judges, etc.

April 12, 1934.

To the Honorable DAVID SHOLTZ,
Governor of Florida,
Executive Offices, State Capitol,
Tallahassee, Florida.

Sir:

Your communication of this date requests the opinion of the Justices of the Supreme Court whether it is your executive duty as Governor of the State of Florida under

Section 24 of Article IV of the Constitution to countersign certain warrants drawn by the Comptroller of this State on the State Treasurer for the payment of the respective salaries for the month of April, 1934, that are lawfully payable to Circuit Judges, State Attorneys and Court Reporters under appropriate statutes fixing by law the amount of the compensation each is to receive, but apparently failing to make a sufficient appropriation to provide for same.

The Justices of the Supreme Court are required by Section 13 of Article IV of the Constitution to give their opinion in writing to the Governor of the State, upon his request therefor, as to the interpretation of any portion of the Constitution affecting the Governor's executive duties and powers. This constitutional section, we have heretofore held, authorizes us to advise the Governor whether or not his contemplated countersigning a particular warrant tendered to him under Section 24 of Article IV of the Constitution to be countersigned will be in violation of any provision of the Constitution, should he countersign the particular warrant as he contemplates doing. See: *In re* Advisory Opinion to Governor, 13 Fla. 699; Advisory Opinion to Governor, 90 Fla. 708, 107 Sou. Rep. 366; Advisory Opinion to Governor, 94 Fla. 967, 114 Sou. Rep. 850.

Under Section 23 of Article IV of the Constitution, the Comptroller is required to examine, audit, adjust and settle the accounts of all officers of the State, while under Section 24 of the same Article it is made his duty to issue all orders pursuant to which disbursements of any funds are to be made by the State Treasurer, who is authorized to pay out funds from the State Treasury only when the Comptroller's warrants have been countersigned by the Governor as provided for in said Section 24 of Article IV of the Constitution.

Under Section 3 of Article XVI it is provided that the salary of each officer shall be payable monthly upon his own requisition. Circuit Judges and State Attorneys are constitutional officers. Section 8 of Article V. Section 15, Article V. Court Reporters are of statutory creation. Chapter 11976, Acts of 1927, Section 4872, C. G. L. The salaries of Circuit Judges, State Attorneys and of official Court Reporters have been fixed by law. Chapter 15859, Acts of 1933.

Your communication states that there is in the general fund in the State Treasury sufficient moneys available to pay the amounts of the salaries of Circuit Judges, State Attorneys and Official Court Reporters for the month of April, 1934, notwithstanding the fact that the payment of such salaries at this time will exceed the total amount specifically appropriated for such salaries under the heading, "Judicial Department" in the 1933 General Appropriation Act. Chapter 15858, Acts of 1933.

Our opinion is that where an office exists under the law, and an occupant thereof has been duly appointed and qualified and has performed the duties of the office for a particular monthly period for which he claims compensation payable under a statute specifically fixing the amount of salary to which such officer shall be entitled to be paid when and after he has performed the constitutional or statutory duties of the office for the period for which compensation is claimed, that Section 3 of Article XVI providing that the salary of each *officer* shall be payable monthly upon his own requisition authorizes the payment of the salary of the officer *as fixed by law,* irrespective of the amount named or specified in the general appropriation Act of the Legislature.

The restrictions of the Constitution found in Section 4

of Article IX to the effect that no money shall be drawn from the treasury except in pursuance of appropriations made by law must be construed in connection with the equally cogent provision of Section 3 of Article XVI to the effect that every officer shall be entitled to receive his salary monthly upon his own requisition.

The effect of Section 3 of Article XVI is to make disbursable by way of a constitutional appropriation out of any available moneys in the State Treasury in the general State funds, the amounts of salaries fixed by law for State officers to receive, which salaries, after being so fixed by statute, then become payable monthly upon the officers' requisition as provided in Section 3 of Article XVI of the Constitution of Florida.*

Our opinion is that Section 3 of Article XVI of the Constitution authorizes you to countersign warrants based upon the requisitions of Circuit Judges, State Attorneys and Official Court Reporters for their respective salaries for the month of April, 1934, as fixed by Chapter 15859, irrespective of what is set forth or contained in Chapter 15858, Acts of 1933.

Respectfully submitted,

FRED H. DAVIS, Chief Justice,

| | |
|---|---|
| J. B. WHITFIELD, | ARMSTEAD BROWN, |
| GLENN TERRELL, | RIVERS BUFORD, Justices, |
| | Supreme Court of Florida. |

---

*For authorities supporting this interpretation see the following cases: State, *ex rel.* Rotwitt v. Hickman, 9 Mont. 370, 23 Pac. Rep. 740, 8 L. R. A. 403; Ristine v. State, *ex rel.* Board of Commissioners, 20 Ind. 328; State, *ex rel.* Roberts v. Weston, 4 Neb. 216; State, *ex rel.* v. King, 108 Tenn. 271, 67 S. W. Rep. 812; Henderson v. Board of Comrs. of State Soldiers' and Sailors' Monument, 129 Ind. 92, 28 N. E. Rep. 127; People *ex rel.* McCauley v. Brooks, 16 Cal. 11.

I think that no money may be lawfully drawn from the State Treasury, except in pursuance of appropriations made by law. Art. IX, Sec. 4, Constitution 1885. According to the Governor's letter no sufficient appropriation has been made for the purpose and none exists in the Constitution.

W. H. ELLIS,
Justice Supreme Court.