### ADVISORY OPINION TO THE GOVERNOR

| | |
|---|---|
| 22 So. (2nd) 398 | January Term, 1945 |
| June 2, 1945 | En Banc |

June 1, 1945

Honorable Millard F. Caldwell
Governor of Florida
Tallahassee, Florida.

Dear Governor:

In response to your letter of May 31, 1945, which is set forth in full in a reply thereto by Justices BUFORD and ADAMS, the undersigned Justices are of the opinion that House Resolution No. 27, adopted May 25, 1945, is in conflict with Section 4 of Article III of our State Constitution, and that, even if adopted by both Houses in the form of a legislative act, the payment of expenses individually incurred by members of the Legislature in connection with their legislative work, as provided for in the resolution, being in addition to the expenses expressly authorized to be paid by the constitutional provision referred to, would likewise be contrary to the Constitution. Our view is that we must give effect to the Constitution according to what we deem to be its plain meaning and what the people must have understood it to mean at the time they adopted it.

Section 4 of Article III provides that:

". . . The pay of members of the Senate and House of Representatives shall not exceed six dollars a day for each day of session and mileage to and from their homes to the seat of government, not to exceed ten cents a mile each way, by the nearest and most practicable route."

It will be observed that the only expense of the members of the Senate and House which is authorized to be paid by the State is "mileage to and from their homes to the seat of government, not to exceed ten cents a mile each way, by the nearest and most practicable route." In a long line of decisions our Supreme Court has held that when the Constitution prescribes the method of doing a thing, it impliedly prohibits legislation prescribing a different manner of doing it.

This Section 4 of Article III was embraced in the Constitution of 1885 and has remained unamended to this day. It may well be that this Section should be amended by the people of Florida so as to permit a considerable increase in the compensation to be allowed the members of the legislative department, whose work is extremely important and onerous, but our view is that that is question for the people of this State to decide.

At the Extraordinary Session of the Legislature which convened on November 17, 1925, an Act was passed providing that the members of the House of Representatives at that session should be allowed an additional amount for "necessary extra expenses, not to exceed $4.00 per day. The same to be paid out of the appropriations for the expenses of such session." On December 3, 1925, the Justices of this Court in response to a request for an advisory opinion by the then Governor, advised that, in view of Section 4 of Article IX of the Constitution, (which provides that "No money shall be drawn from the treasury except in pursuance of appropriations made by law,") that the language of Section 4 of Article III limits the authority of the Governor to countersign orders or warrants drawn upon State funds for "the pay of members of the Senate and House of Representatives" to amounts that in the aggregate "shall not exceed six dollars a

day for each day of session and mileage to and from their homes to the seat of government, not to exceed ten cents a mile each day by the nearest and most practicable route." And that opinion goes on to say that "The fact that legislation purports to authorize the payment of sums in excess of the limitations imposed by the Constitution and to appropriate an amount in excess of the organic limitations, cannot authorize such payments from State funds in violation of the express provisions of the Constitution." See Advisory Opinion, 90 Fla. 708, 107 So. 366.

As we understand Section 1 of Chapter 21933, Acts of 1943, in so far as it refers to a resolution of either House, it authorizes "such expenses of the Legislature as shall be authorized by a resolution of either House." The reference in that clause was to legislative and not individual expenses.

House Resolution No. 27, referred to in your letter, attempts to authorize the payment, not of the expenses of the Legislature itself but expenses incurred by the individual members of the House of Representatives in connection with their services as members of such body, the average estimated amount of which is $240.44 per member. Our view is that this resolution is in conflict with Section 4 of Article III hereinabove referred to.

Section 4 of Article IX reads: "No money shall be drawn from the treasury except in pursuance of appropriations made by law." The word law means a statute adopted by both Houses of the Legislature. See Advisory Opinion, 43 Fla. 305, 31 So. 348, and Lainhart v. Catts, 73 Fla. 735, 75 So. 47.

We think that what we have said above answers the three questions propounded by you in your letter of May 31, 1945.

Respectfully,

ROY H. CHAPMAN
Chief Justice
ARMSTEAD BROWN
ELWYN THOMAS
HAROLD L. SEBRING
Supreme Court of Florida

May 31, 1945

We have for consideration and reply your letter of this date, as follows:

"To The Honorable, The Chief Justice, and
Justices of the Supreme Court of
The State of Florida

"Gentlemen:

"House Resolution No. 27, adopted May 25, 1945, provides as follows:

" 'Whereas, The Members of the House of Representatives of the 1945 session have incurred, individually, and paid innumerable unusual and extraordinary expenses in connection with their services as members of such body, for which they should be re-imbursed, and

" 'Whereas such expenses and expenditures are hereby determined and found to be legitimate and proper charges as legislative expenses of this Legislature and are not covered by pay and mileage allowable to each member, and

" 'Whereas, The average estimated amount of such expenses advanced and paid by each member is fixed and determined to be $240.00, now, therefore,

" 'Be It Resolved By the House of Representatives:

" 'That there be paid to each member of the House of Representatives of the 1945 session, upon his requisition filed with the Legislative Expense Committee for the same, an amount not to exceed Two Hundred Forty ($240.00) Dollars per member as full reimbursement to such member for his expenses allowed hereby, and the Legislative Expense Committee of the House of Representatives is hereby directed to approve the same and charge such amounts as legislative expenses for the 1945 session.'

"Inasmuch as the compensation and/or pay of the members of the Legislature, including their expenses of the sessions, are payable out of funds in the State Treasury and that, according to Section 24 of Article IV of the Constitution, no funds may be disbursed from the State treasury except upon order of the Comptroller, countersigned by the Governor, I am in doubt as to my duty and authority in the

matter of countersigning Comptroller's orders or warrants for the payment of expenses of the House of Representatives with the knowledge that any such warrant would include the additional allowance for members contemplated by the resolution mentioned.

"I have the honor, therefore, to request your written opinion as to:

"1. Whether the pay or compensation of members of either branch of the Legislature and other expenses thereof may be authorized and paid out of the State treasury by a resolution of the branch affected, or whether a regular legislative enactment by both branches is the only authority for such disbursements.

"2. Whether or not the additional allowance for members as contemplated by the resolution is contrary to and in violation of Section 4 of Article III of the Constitution, which provides that:

" 'The pay of members of the Senate and House of Representatives shall not exceed Six dollars a day for each day of session, and mileage to and from their homes to the seat of government, not to exceed ten cents a mile each way, by the nearest and most practicable route.'

"3. Whether or not I, as Governor, am authorized to countersign Comptroller's warrants or orders covering the pay or compensation and/or expenses of the House of Representatives or of its individual members, knowing that such warrants include payments of the expenses contemplated by said resolution.

"Due to the time element involved, I would greatly appreciate your earliest convenient response to this request.

Very respectfully,<br>Millard F. Caldwell<br>Governor"

Section 4 of Article III of our Constitution provides:

"Senators and Members of the House of Representatives shall be duly qualified electors in the respective counties and districts for which they were chosen. The pay of members

of the Senate and House of Representatives shall not exceed six dollars a day for each day of session, and mileage to and from their homes, to the seat of government, not to exceed ten cents a mile each way, by the nearest and most practicable route."

The resolution referred to in your letter, supra, taken alone would not be sufficient to authorize you to countersign warrants for the payment of the items therein contemplated but it is to be presumed that the Legislature will pass a comprehensive Act containing a section like Section 1 of Chapter 21933, Acts of 1943, which is as follows:

"Section 1. The State Treasurer is authorized to pay the per diem and mileage and expenses of the members of the Legislature, together with such expenses of the Legislature as the same accrues, and the per diem of employees of the Senate and the House of Representatives as the same accrues, also such expenses of the Legislature as shall be authorized by a resolution of either house, upon the presentation to the State Treasurer of an order of the Comptroller, countersigned by the Governor, for the stated amount, which order shall, at the close of the legislative session or in due course, be presented to the Comptroller, who shall issue to the State Treasurer a warrant or warrants therefor."

A like Act has been adopted at each regular session of the Legislature for a number of years past.

When, and if, this is done you will be authorized to countersign warrants drawn by the Comptroller in payment of Legislative expense as authorized by "resolution of either house."

The House of Representatives and the Senate is each the sole judge of what constitutes a legitimate legislative expense to be allowed by each respective body. This has been recognized by the statutes, supra.

That there is a difference between compensation for services and reimbursement for expenses incurred has been recognized. See State ex rel. Weldon v. Thompson, 142 Tenn. 527, 221 S. W. 491; Christopherson v. Reeves, 44 S. D. 634, 184 N. W. 1015.

If we were in anywise bound by our Advisory Opinion to the Governor under date of December 2, 1925, 90 Fla. 708,

107 So. 366, the basic facts in that case could be differentiated from the basic facts here presented. In that case there was no resolution declaring the item appropriated to be a legislative expense; but, on the contrary, the Act Chapter 11,337, provided in Sec. 4 thereof as follows:

"Section 4. The members of the House of Representatives of the present extraordinary session of the Legislature shall also be allowed an additional amount for necessary extra expenses, not to exceed four dollars per day. The same to be paid out of the appropriation for expense of the extraordinary session of the Legislature (begun November 17, 1925).", Without any declaration that the same constituted a legislative expense for which the members should be reimbursed.

So it is, assuming that the Legislature passes a statute as to the payment of legislative expense substantially in the language of Sec. 1 of Chapter 21933, Acts of 1943, the countersigning of warrants including the payment of the legislative expense contemplated and authorized by House Resolution No. 27 will not violate Sec. 4 of Article III of our Constitution.

Respectfully,.

_____

Chief Justice

_____

RIVERS BUFORD

_____

ALTO ADAMS

_____

Justices of Supreme Court of Florida