Sol Brash v. State Tuberculosis Board, *et al.*

167 So. 827.
Opinion Filed April 24, 1936.
Rehearing Denied May 14, 1936.

*Morgan F. Jones,* for Appellant;

*Emmet Safay* and *P. H. Odom,* for Appellees.

WHITFIELD, C. J.—The bill of complaint herein filed by Sol Brash contains allegations:

"That plaintiff is a citizen and resident of the County of Duval and State of Florida, and is a taxpayer of said County and State and as such has an interest in the taxes to be levied by the State of Florida, and the disbursements to be made by it of the revenues raised by due process of law for public purposes.

"That defendant, State Tuberculosis Board, is a body corporate created as such by Chapter 12284, Laws of Florida, Acts of 1927, and defendants W. T. Edwards, Chairman, Mrs. Murray L. Stanley and J. Maxey Dell are the duly appointed, qualified and acting members of said State Tuberculosis Board.

"That by Chapter 12284, Laws of Florida, Acts of 1927, the State Tuberculosis Board is authorized to establish, maintain and operate a State Tuberculosis Sanatorium and to acquire the necessary lands therefor by purchase or otherwise; to contract and be contracted with, sue and be sued, and generally, to have and possess all of the powers of a body corporate for all the purposes created by or that may exist under the provisions of said Chapter, or any law or laws amendatory thereof; that in addition to the powers conferred by Chapter 12284, the State Tuberculosis Board, by Chapter 17469, Laws of Florida, Acts of 1935, is also authorized and empowered to establish, conduct, maintain and operate District Tuberculosis Sanatoriums in the State of Florida and to obtain loans for such purposes from the Federal Government, or any agency thereof, and to provide for the securing and repayment of said loans in any manner

whatsoever not inconsistent with the Constitution of the State of Florida.

"That in pursuance of the powers conferred by law upon said State Tuberculosis Board, and in strict conformity therewith, the defendants, as and constituting the State Tuberculosis Board, are about to enter into an agreement to borrow from the United States Government, through the Federal Emergency Administration of Public Works, the sum of Three Hundred Thirty-five Thousand ($335,000) Dollars, which sum, supplemented by a grant or donation of the United States Government, through the said Federal Emergency Administration of Public Works, will be used by said defendants for the purchase of land and erection of a District Tuberculosis Sanatorium thereon and the purchase and installation of 'equipment therein; that the sum so borrowed will be repaid by the issuance of obligations of defendants, constituting the State Tuberculosis Board, to be known as Revenue Certificates, in the amount of One Thousand ($1,000) Dollars each, and containing the promise to pay to the United States Government, through the Federal Administration of Public Works, within a period of twenty-five years, solely and exclusively from the revenue to be derived from the operation of said District Sanatorium the entire sum so borrowed with interest at the rate of four (4) per cent. per annum, payable semiannually; that as additional security for the repayment of said loan the said defendants, constituting the State Tuberculosis Board, will also execute and deliver to said United States Government, through its aforesaid mentioned agency, a mortgage upon all property that will be acquired with the proceeds of said loan and grant, but upon the express provision or condition

170

that no deficiency decree or judgment shall be made or rendered against said Board by reason of such mortgage.

"Plaintiff further represents that by Section ·7 of Chapter 12284, Laws of Florida, Acts of 1927, the Legislature appropriated the sum of Two Hundred Thousand ($200,000) Dollars for the establishment, maintenance and support of a Tuberculosis Sanatorium; that no part of said appropriation has been expended nor has it been withdrawn or otherwise repealed and the same is now available to the Board for the uses and purposes hereinabove set forth and alleged; that said defendants, constituting said Board, have agreed that in the event the mortgage which defendants, constituting said Board, propose to execute and deliver to the Federal Government is held invalid, then the said defendants, constituting said Board, will pledge and assign to the Federal Government so much of said appropriation of Two Hundred Thousand ($200,000) Dollars as may be necessary to make up any deficiency which might exist by reason of the failure of said Sanatorium to produce sufficient revenues to pay the annual installments, including interest, required to be paid to the Federal Government, as provided in said Revenue Certificates.

"That said defendants, constituting the State Tuberculosis Board, have adopted a resolution authorizing the borrowing of said money for the purposes ·and uses and upon the terms and conditions set forth and alleged in this Bill of Complaint and authorizing the execution and delivery to the United States Government of said Revenue Certificates and mortgage and that if said mortgage is held invalid, authorizing the pledging of all or any part of said appropriation of $200,000, for the purposes and uses alleged in paragraph five (5) of said Bill of Complaint and said Board will, upon the execution and delivery of the several

and respective instruments receive the said loan and grant from the Federal Government and expend the same for the purchase of land and the construction of a District Tuberculosis Sanatorium thereon and for the purchase of the necessary equipment and the installation of the same therein; that the defendants propose to enter into contracts from year to year with the Boards of County Commissioners of the several counties for the care of patients for hire at said Sanatorium.

"That defendants, constituting the State Tuberculosis Board, in assuming the authority to make such loan, issue the Revenue Certificates' and execute and deliver said mortgage or in lieu thereof pledging all or any part of said appropriation of $200,000 for the purposes and uses hereinabove set forth and alleged, presume to act by and under the authority conferred by Chapters 12284, Laws of Florida, Acts of 1927 and 17469, Laws of Florida, Acts of 1935. Plaintiff alleges, however, that said Chapters, severally, are null and void for the reason that they contravene and violate the Constitution of Florida in the following respects: (a) The State Tuberculosis Board is an agency or branch of the State of Florida, and the issuance by said Board of said Revenue Certificates constitutes an issuance of bonds by the State of Florida, for a purpose or object which is expressly prohibited by Section 6 of Article IX of the Constitution. (b) That the mortgage sought to be given by defendants, constituting the State Tuberculosis Board, upon the property and equipment to be acquired with the proceeds of said loan and grant is in substance and in fact an attempt to pledge the credit of the State of Florida in violation of Section 6, Article IX of the Constitution. (c) That the attempted pledge by said defendants, constituting the State Tuberculosis Board, of all or

any part of the appropriation authorized by Chapter 12284, Laws of Florida, Acts of 1927, is in fact an attempt to pledge the credit of the State of Florida in violation of law. (d) That Chapter 12284, Laws of Florida, Acts of 1927, creating the State Tuberculosis Board as a body corporate is a special Act and was enacted in direct violation of Section 25, Article 3, of the Constitution which prohibits the incorporation of such institutions or boards by special law. (e) The said proposed contracts with the Boards of County Commissioners are illegal and void."

By answer the defendants admit the allegations of paragraphs 1, 2, 3, 5 and 6 of the bill of complaint. Defendants aver that they have "furnished the Federal Government with valuable information and data, not only showing the absolute need and necessity for the establishment of such an institution in the State of Florida, but also showing that the income to be derived from the regular and proper use of said Sanatorium, within said period of twenty-five years, would by far exceed the sum borrowed from the Federal Government, with interest at four (4) per cent. per annum on the deferred payments, and hence more than sufficient to repay said loan in full, with interest as aforesaid, within twenty-five (25) years from date of such loan and grant."

"Defendants admit should said loan be approved by the Federal Government they will issue in their capacity as a body corporate said Revenue Certificates including interest coupons and execute and deliver said mortgage, to the Federal Government, as alleged in said Bill of Complaint, but defendants aver that each and every of the said Revenue Certificates and coupons so issued by them, as and constituting the State Tuberculosis Board, will contain an express provision that said Revenue Certificates and in-

terest coupons shall be payable solely and exclusively from the revenues derived from the operation of the District Tuberculosis Sanatorium after deducting all costs of operation and maintenance thereof and not otherwise; that the mortgage which defendants, constituting said Board, will execute and deliver to the Federal Government as Additional Security for the repayment of said loan, will embrace the real estate, structures and other property acquired by said defendants with the proceeds of the loan and grant, and not otherwise, and said mortgage will contain specific provisions to the effect that only the land, improvements and other property with the proceeds of said loan and grant shall ever be liable for said indebtedness and that no deficiency decree or judgment can or may be entered against the said defendants, constituting said Board, by reason of said mortgage."

"Defendants say that the revenue certificates proposed to be issued by defendants are not either directly or indirectly bonds or obligations of the State of Florida, but are solely the obligations of a separate, distinct and independent board, namely, the State Tuberculosis Board, a body corporate; that said certificates will be issued by said Board in its corporate or proprietary capacity and in the exercise of a purely corporate function; that said certificates are not enforceable against the State of Florida, or out of any funds of the State Tuberculosis Board other than the income and revenue pledged and assigned to such revenue certificates by the State Tuberculosis Board and not otherwise; that the mortgage in question does not in any way constitute an attempt to pledge the credit or obligate the State of Florida to repay the same; that said mortgage is a specific lien upon property purchased and acquired by the State Tuberculosis Board in the exercise of a proprie-

tary function and with the proceeds of a loan and grant made to it by the Federal Government; that said mortgage does not create any liability, contingent or otherwise, against the Board for the repayment of the loan save and except that the identical property which was acquired with the proceeds of said loan and grant shall be liable for the repayment of the loan."

"Defendants say that no part of the appropriation of Two Hundred Thousand ($200,000) Dollars which was authorized by Chapter 12284, Acts of 1927, for the establishment, maintenance and support of a Tuberculosis Sanatorium has ever been expended; that said appropriation is now, and has been at all times since it was made, in full force and effect; that said appropriation is available for use of the Board for the purposes herein stated, and said Board may lawfully pledge the same or any part thereof for the purposes and uses set forth in this answer and that such action does not constitute a pledge of the credit of the State of Florida as alleged by plaintiff."

The court denied an injunction against the Board as prayed and plaintiff appealed.

If as proposed by gift and loan from the Federal Government, land is acquired by the State Tuberculosis Board, upon which to erect a State Tuberculosis Sanatorium, such land will become the property of the State; and if a mortgage is executed upon the land and the improvements and betterments thereon, and upon all fixtures, furniture and equipment affixed to or located on the mortgaged property as contemplated by the resolution of the State Tuberculosis Board, such mortgage will be an express contract lien and charge upon the corpus of the property of the State, with an express agreement by the Board that such mortgage shall be subject to foreclosure and other remedies to

enforce the payment of the loan. It would in effect be an attempt to create a binding continuing interest-bearing contract obligation of the State to pay money in the future to be enforced by subjecting property of the State to such payment, in violation of the intent of Section 6, Article IX of the Florida Constitution. See Cheney v. Jones, 14 Fla. 587, text 611; State, *ex rel.*, v. Green, 95 Fla. 117, 116 So. 66; Advisory Opinion to the Governor, 94 Fla. 967, 114 So. 850; Sholtz v. McCord, 112 Fla. 249, 150 So. 234. See also Boykin v. Town of River Junction, 121 Fla. 902, 164 So. 558; Herbert v. Thursby, 112 Fla. 826, 151 So. 385.

The proposal of the State Tuberculosis Board to "pledge and assign to the Federal Government so much of an appropriation of $200,000," made by Chapter 12284, Acts of 1927, for the establishment, maintenance and support of a Tuberculosis Sanatorium, "as may be necessary to make up any deficiency," in payments for money loaned and interest thereon, for the project referred to herein, is without authority of law and ineffectual. There is no statute authorizing it, if it could be authorized by statute.

This case is quite unlike Hathaway v. Munroe, 97 Fla. 28, 119 So. 149. In the latter case there was no pledge of State funds to pay a debt with interest.

In Hopkins v. Baldwin, decided April 10, 1936: "The sole security, for the repayment of the borrowed money is a first, exclusive and closed lien on the income and revenue (but not on any of the real property of the involved institution) derived solely from the fees, rentals and other fees and charges from students, faculty members and others using or being served by, or having the right to use or be served by, the projects to be constructed by the expenditure of money borrowed and granted to the State Board

of Control by the Federal Government pursuant to the authorizing Acts of Congress applicable in the premises."

Reversed.

ELLIS, P. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.

## ON APPLICATION FOR REHEARING

PER CURIAM.—The State Tuberculosis Board is a State agency composed of State officers having governmental corporate authority under Chapter 12284, Acts of 1927, Sections 3308 C. G. L., and Chapter 17469, Acts of 1935. This obviously appears by the Legislative Acts cited in, and the quoted allegations of, the bill of complaint, and in the express admissions of the answer. Otherwise the Acts would violate Section 25, Article III of the State Constitution, which organic provision forbids special laws incorporating companies or associations of a private nature. Property duly acquired by such Board under the cited legislative enactments in State property. State bonds or other State obligations by mortgage or otherwise to pay money, cannot be issued by any State officer or agency except "for the purpose of repelling invasion or suppression insurrection." Sec. 6, Art. IX, Constitution of Florida as amended in 1930. See page 784, Laws of Florida of 1929; Cumulative Supplement of 1934 to the Compiled General Laws of Florida, 1927.

Other matters presented should not be dismissed on the record in this case.

Rehearing denied.

WHITFIELD, C. J., and ELLIS, BROWN, BUFORD and DAVIS, J. J., concur.