PHILIP F. KENNARD v. THE STATE TUBERCULOSIS BOARD, a corporation.

176 So. 872.
Opinion Filed October 20, 1937.
Rehearing Denied November 27, 1937.

*George P. Garrett,* for Appellant;
*Emmett Safay,* for Appellee.

CHAPMAN, J.—On the 30th day of April, 1937, Philip F. Kennard filed in the Circuit Court of Orange County, Florida, his bill of complaint to enforce a claim in the form of a mechanic's lien against State Tuberculosis Board of the State of Florida created pursuant to Chapter 12284, Acts of 1927. Additional powers are granted to the State Tuberculosis Board by Chapter 17469, Acts of 1933, but it is unnecessary to consider same because they do not become material in a decision of this suit.

The bill of complaint sets out an employment agreement between plaintiff and the State Tuberculosis Board whereby the plaintiff as an architect and engineer was to render professional services for a stipulated sum. Pursuant to the agreement of employment plaintiff rendered services in the

architectural and engineering supervision in the construction of a building for the defendant, and while the work was progressing a revision or change in the specifications and designs of the building was agreed upon which required supplemental and additional work on the part of the architect which plaintiff valued at $2,350.00. The bill further recites that the plaintiff was dismissed by the Board and at the time the plaintiff claims the defendant was due him the sum of $7,134.88 on the original employment agreement and the further sum of $2,350.00 for work and additional professional services rendered the defendant, making a total sum of $9,484.88, with interest from April 2, 1937.

The bill of complaint recites the description of the land on which the building in question is situated and asserts that he has a lien upon said real estate and improvements thereon for the sum of $9,484.88, and asks and prays that an accounting may be had of the amount due him, with attorney's fees, and that he be awarded a lien upon the property described in such sum, or sums, as may be found to be due.

When service of subpoena in chancery was made upon defendant a special appearance was entered, for the purpose of quashing the summons in chancery, the grounds of the motion to quash being:

"1.   That the State Tuberculosis Board is an agency and component part of the state government of the State of Florida, and it affirmatively appears that no lawful provision has been made for the maintenance of suits against said Board.

"2.   That the provision of Section 9 of Chapter 12284, Laws of Florida, Acts of 1927, authorizing the maintenance of suits against the State Tuberculosis Board, a component

part of the state government, is unconstitutional and void for the reason that this provision of said section is not a part of, or matter properly connected with, the subject expressed in the title of said Chapter."

On the third day of July, 1937, the court below made and entered its order sustaining defendant's motion to quash the summons in chancery. From this order an appeal is presented and assigns as error the order of the court dated July 3rd, 1937.

It was conceded by counsel in the court below that the State Tuberculosis Board of the State of Florida is an agency of the State of Florida and there is no legal right to adjudicate plaintiff's claim unless it is conferred by Section 9 of Chapter 12284, Acts of 1927, viz.:

"Sec. 9. The State Tuberculosis Board shall be a body corporate and shall have a corporate seal to be selected by it at its first meeting; shall select a Secretary and remove him at will; have and employ all necessary clerks, servants and employees; shall have power to contract and be contracted with; sue and be sued; plead and be impleaded in all courts of law and equity; to receive donations and bequests; to make purchases of lands and tenements, and to contract for the sale and disposal of the same, but the title to all such donations, bequests and/or property, however acquired, shall be vested in the State Tuberculosis Board, and shall only be transferred and conveyed by it, and shall have and possess all of the powers of a body corporate for all the purposes created by or that may exist under the provisions of this Act, or any act or acts amendatory thereof."

Chapter 12284, *supra,* was considered by this Court in Brash v. State Tuberculosis Board, 124 Fla. 652, 169 Sou.

Rep. 218, and Brash v. State Tuberculosis Board, 124 Fla. 167, 167 Sou. Rep. 827.

The question for decision is whether or not the plaintiff has a right to sue the State Tuberculosis Board, an agency of the State of Florida? The statute authorizing such suit must conform to Section 22 of Article III of the Constitution of Florida, viz.: "Provision may be made by general law for bringing suit against the State as to all liabilities now existing or hereafter originating."

And likewise Section XVI of Article III of the Constitution of Florida being: "Each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title; and no law shall be amended or revised by reference to its title only; but in such case the Act, as revised, or section, as amended, shall be reenacted and published at length."

An examination of the title of Chapter 12284, Acts of 1927, *supra,* shows that it provides for the creation, operation, management and control of the sanitarium and the admission and expenses of patients, together with an appropriation made for the tuberculosis sanitarium. There is no provision in the title of the Act, express or implied, or which by fair inference could be construed to mean or otherwise confer the right to sue the State of Florida in any of the courts in and about the business of the State Tuberculosis Board. The authorities seem to be unanimous that statutes conferring the right to maintain suits against a State must be strictly construed. See: 59 Corpus Juris, par. 460, pages 302, 304:

"By their adoption of the Federal Constitution the various States of the Union have given their consent to be

sued in the Supreme Court of the United States by another State or by the United States. However, neither the laws nor the Constitution of the United States give individuals the right to sue a State, in either a Federal or State court, and, although a State's consent to be sued in its own courts may be expressed in the State Constitution, constitutional provisions authorizing or requiring the Legislature to direct by law the manner, and courts, in which the State shall be sued are generally regarded as not being self-executing, and no suit can be maintained against the State until the Legislature has provided therefor. There is authority to the effect that the Legislature may, without attempting to pass a law pursuant to such a provision, pass a joint resolution, which, although not effective as a law, is an effective consent by the sovereign to subject itself to suit; but it has also been held that suit cannot be maintained against the State where legislation, attempted pursuant to such a provision, is invalid as a law because not passed in accordance with the rules and solemnities prescribed by the fundamental law. Except as limited or prohibited by Constitution, the Legislature may, independently of any constitutional authority, provide for suits against the State. Statutes, passed in furtherance of constitutional provisions of the character above described, are remedial in nature and liberally construed; but it is usually said that statutes authorizing suit against the State are to be strictly construed, since they are in derogation of the State's sovereignty. Consequently it is generally essential that the consent of the State to be sued be given expressly or by clear implication, but a statute giving a court jurisdiction to hear and determine actions against the State is sufficient authority for the bringing of an action without any special statute expressly

giving the consent of the State to be sued." See Corpus Juris, par. 464, pages 307 to 309.

The construction of a similar statute was considered in the case of Southern Drainage Dist. v. State, 93 Fla. 672, text page 686, 112 Sou. Rep. 561, where the following language is used:

"We hold that a proceeding brought against lands owned by the State for school purposes in the Southern Drainage District of Florida, under Section 20, Chapter 7599, Laws of Florida, Special Acts of the Legislature of Florida, 1917, was an action or suit against the State, and that the bill of complaint in this case is not susceptible to the objection that its allegations failed to make it appear that the State was a party to the action in which final decree of foreclosure of drainage tax lien was entered against the property described herein. We have held that the State of Florida cannot be sued without its consent. Bloxham v. F. C. & P. R. R. Co., 35 Fla. 625, 17 South. Rep. 902.

"Under Section 22, Article III, of the Constitution of Florida, the State gives its consent to be sued by *general* law.

" 'The immunity of the State from suit is absolute and unqualified, and the constitutional provision securing it is not to be so construed as to place the State within the process of the court.' Hampton v. State Board of Education of Florida, *et al.,* 90 Fla. 88, 105 South. Rep. 323.

"But even if there were a provision in Chapter 7599, Laws, of Florida, Special Acts, 1917, authorizing or consenting that the State be made a party defendant to a proceeding for the foreclosure of alleged tax liens upon real estate held by it for school purposes in Southern Drainage District, such a provision would be invalid, because Chapter 7599 is a *special* and not a *general* law."

If the plaintiff's right to recover in this cause exists, it is by the authority of Section 9, *supra*, being a part of Chapter 12284, Acts of 1937, and this grant of power is not experssed in the title in conformity to Section 16 of Article III of the Constitution of Florida, and neither is there a sufficient compliance with Section 22 of Article III, Constitution of Florida, authorizing plaintiff to maintain this suit under Section 9, *supra*.

. It seems that the parties below placed considerable emphasis on the suit of State, *ex rel.* Davis, v. Love, 99 Fla. 333, 126 Sou. Rep. 274. This suit is predicated upon Chapter 9312, Laws of Florida, Acts of 1923, which authorized the maintenance of suits against the State Road Department for claims arising under contract for work done. It was conceded by the parties that the State Road Department is a component part of the State government and a suit against such department is in effect a suit against the State of Florida. In this case the Court said:

"* * * The 'power' to be sued, as well as to sue, may doubtless be correctly termed a 'power' when used in Acts incorporating or providing for the incorporation of ordinary corporate entities, even of quasi-public or public corporations, which form no part of the State government; (see Arundel Corp. v. Griffin, 103 So. R. 422), but an Act dealing with the powers and duties of a component part, or a department, of the State government comes within a somewhat different category. The use of the words 'Conferring Certain Powers' upon such a department, when used in the title of such an act, could hardly be held to constitute fair notice that in the body of the Act the State's immunity from suit would be taken away, as to suits of a certain nature, against such State agency or department.

The State Road Department was not a corporation at the time this Act was passed. It was not until the Act of 1925, Chapter 10118, was adopted, that it was declared to be a body corporate, and then only for the purpose of that particular Act, which purported to vest such department with the power of eminent domain and the right to maintain condemnation proceedings for certain specific purposes. The waiver, or taking away, in whole or in part, of the State's immunity from suit, which would otherwise protect such State agency from suits of every nature, can hardly be termed the 'conferring' of a 'power' upon such State agency. It is in fact, more in the nature of the imposition of a burden or liability than the granting of a power. The power, so far as there is a power, is conferred upon the courts and upon contractors of a certain class dealing with the Road Department, and not upon the department. In this connection, see Hampton v. State Board of Education, 90 Fla. 88, 105 So. R. 323."

The suit in question being in derogation of State sovereignty, and to maintain such a suit a constitutionally authorized statute must first appear. The title of the Act here fails to contain language sufficiently definite and comprehensive to indicate that it was the intention of the Legislature to make a provision for suits against the State of Florida or its agency. The decree appealed from is affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.