### ALEXANDER v. FLORIDA STATE TURNPIKE AUTHORITY.

#### No. 16916.

Circuit Court, Palm Beach County.

October 16 and November 27, 1957, and February 14, 1958.

Caldwell, Pacetti, Robinson & Foster, for plaintiff.

Gilbert A. Smith, Fort Lauderdale, for defendant.

R. O. MORROW, Circuit Judge.

*October 16, 1957:* This cause comes before the court on several motions of the defendant Florida State Turnpike Authority. Of necessity, the motion to quash for lack of jurisdiction should be ruled upon first.

The question for decision is whether plaintiff has the right to sue the turnpike authority in this type of case, claiming damage to a crop of peppers.

The first question that arises is whether the authority is an agency recognized as a part of the state government. It has been so held in different instances. In Florida State Turnpike Authority v. Van Kirk (D.C.), 146 Fed. Supp. 364, it was held that the authority is an arm, or alter ego, of the state. This case provides a comprehensive treatise on what constitutes a "state agency."

In the body of the act establishing the authority it is provided that the authority can "sue and be sued." There is, however, no reference to such provision in the act's title.

The title of the act authorizes the exercise of the power of eminent domain, and confers on the authority—"Powers and Duties in Connection with the Foregoing." Nowhere in the title is there any indication of the authority's waiver of its constitutional immunity from suits as a state agency and as set forth in the state constitution.

Whether the term "Powers and Duties" constitutes fair notice that in the body of the act the state's immunity from suit would be taken away has been settled in State v. Love (Fla.), 126 So. 374, where it is stated—"The use of the words 'Conferring Certain Powers' upon such a department, when used in the title of such an act, could hardly be held to constitute fair notice that in the body of the act the state's immunity from suit would be taken away, as to suits of a certain nature, against such state agency or department." See also Kennard v. State Tuberculosis Board of Florida (Fla.), 176 So. 872.

It is thereupon ordered that defendant's motion to quash for lack of jurisdiction is granted, and this cause is dismissed, in that this court is without jurisdiction over the defendant herein.

*November 26, 1957:* This cause comes before the court on plaintiff's petition for a rehearing. Plaintiff contends that this case falls within the law as laid down in State Road Department v. Tharp (Fla.), 1 So. 2d 868. Defendant contends that Weir v. Palm Beach County and Florida State Road Department (Fla.), 85 So. 2d 865, is applicable. On a careful review of both cases, it appears to the court that this case amounts to damnum absque injuria, rather than a taking, and that the Weir case is applicable.

The court is of the opinion that plaintiff should have an opportunity to file an amended pleading.

It is thereupon ordered that the petition for rehearing is denied, except that the plaintiff shall have 15 days in which to further plead, and the defendant 15 days thereafter in which to reply.

*February 14, 1958:* This cause comes before the court for the third time, presently on defendant's motion to dismiss plaintiff's amended complaint.

The court finds that the allegations in the amended complaint are substantially the same as the allegations in the original complaint, except for paragraph 5—where plaintiff claims that a "physical invasion" of his property has been caused by overflow waters.

The court relies on the allegations of fact—regards the quoted words as conclusions of the pleader.

Plaintiff contends that the overflow of his land wherein his squash crop was lost, was a "taking," and that he is entitled to recovery under the authority of State Road Department v. Tharp (Fla.), 1 So. 2d 868. The court is of the opinion that the facts in this case are more nearly akin to the facts in Arundell Corpora-

88

tion v. Griffin (Fla.), 103 So. 422, also Rabin v. Lake Worth Drainage District (Fla.), 82 So. 2d 353, cert. den. 350 U. S. 958, also Weir v. Palm Beach County (Fla.), 85 So. 2d 865.

It appears that the alleged wrongful acts sound in tort, and are not the equivalent of a taking or an appropriation of plaintiff's property, or such as to invoke the self-executing provisions of the constitution in plaintiff's behalf.

The court has previously held herein that plaintiff's claim is barred by the constitutional immunity of the sovereign, absent statutory consent—which statute has been held invalid in this case as to such waiver of immunity.

The court also notes that the allegations in both complaints do not allege the land to be adjacent to the alleged obstruction—nor is any distance alleged, the only allegation being "west of and in the vicinity of" plaintiff's property.

It is thereupon ordered that defendant's motion to dismiss the amended complaint is granted, and this cause is dismissed at the cost of the plaintiff.