ANNIE W. SAPP, joined by her husband, JOHN F. SAPP, *Plaintiffs in Error*, vs. THE ATLANTIC NATIONAL BANK OF JACKSONVILLE, as Executor of the Estate of N. T. RITCH, deceased, *Defendant in Error*.

141 So. 605.

Division A.

Opinion filed May 12, 1932.

Petition for rehearing denied July 12, 1932.

D. E. *Knight* and *H. V. Knight,* for Plaintiffs in Error;
*J. L. Frazee* and *Knight, Adair, Cooper & Osborne,* for
Defendant in Error.

ELLIS, J.—Mrs. Anne Sapp and her husband, who joined
with her in the action, sued N. T. Ritch in the Circuit
Court for Bradford County.

The action grew out of a transaction in which Mrs. Sapp
through her attorney in fact sold to A. M. Beem in April,
1922, her undivided half interest in all dead timber of
every kind, all cypress and all green pine timber of certain
dimensions "growing, lying, standing or being" on certain
lands in Baker County. The lands were owned in common
by Mrs. Sapp and J. W. Alvarez.

The price to be paid for the timber was $28,000. of
which three thousand dollars was paid in cash and the
remaining twenty-five thousand dollars evidenced by the
notes of Beem. There were thirty-five notes in all matur-
ing over a period of three years. Fourteen of the notes
were for one thousand dollars each and twenty-two were
for five hundred dollars each. The contract provided that
Beem would sell to J. P. Wilson all the pine trees on the
land of certain dimensions to be paid for at a certain
price per thousand feet and the money realized from such
sale should be paid by Wilson over to the Bradford County
Bank of which Ritch was president to be credited upon
the Beem notes. Beem was required to cut and remove
timber of certain other dimensions for which he was to
pay at a certain rate and make monthly returns to the
Bank and the money paid to be credited upon his notes.

In March, 1923, Beem assigned his contract to Wilson-Otwell & Cone, Inc., a corporation. Mr. and Mrs. Sapp had an account at the Bradford County Bank and were indebted to it in a sum amounting to approximately ten or twelve thousand dollars which was reduced from time to time to a very small sum.

Later N. T. Ritch and J. W. Alvarez brought their action against Wilson-Otwell and Cone, Inc. and Beem upon the contract and recovered a judgment in May, 1926, in the sum of seventeen thousand and seventeen dollars. The judgment was affirmed by this court on writ of error taken by Wilson-Otwell & Cone. See 93 Fla. 698, 112 South. Rep. 547.

That judgment was assigned by Ritch and Alvarez to a surety company which paid the amount to plaintiff's counsel who in turn paid it over to Ritch and Alvarez after deducting his fee and expenses. The amount each received was about six thousand dollars. The amount of the judgment and interest was "something over eighteen thousand dollars."

Mrs. Sapp and her husband sued Ritch for Mrs. Sapp's part of the amount so collected by her attorney in fact, Ritch.

The declaration contained ten counts. The first six were the common counts, the seventh was for use by the defendant of the plaintiff's land, the eighth was for land sold and conveyed to the defendant, the ninth for interest due by the defendant to the plaintiff "upon the forbearance of moneys" and the tenth was upon the defendant's express promise to pay the "said several sums of money."

A bill of particulars was filed which limited the cause of action to the amount collected by the defendant from Wilson-Otwell and Cone, Inc., in the action mentioned. See Belote v. O'Brien, 20 Fla. 126; Withers v. Sandlin,

36 Fla. 619, 18 South. Rep. 856; Robinson v. Dibble's Admr. 17 Fla. 459.

There were pleas of the general issue, payment and compromise and settlement, and release. The case was tried on the plea called compromise and settlement. Demurrer to which by the plaintiff was overruled.

Mr. Ritch died during the progress of the cause and upon the suggestion of his death The Atlantic National Bank of Jacksonville, his executor, was substituted as defendant.

Judge Adkins recused himself because of relationship to one of the plaintiffs and the cause was tried before Judge A. V. Long.

During the cross examination of the plaintiff John P. Sapp, defendant's counsel moved the court for a "finding of fact in favor of the said defendant against the plaintiffs." The ground of the motion was that it appeared from the evidence that J. P. Sapp had full charge of his wife's business; that there was a controversy between the plaintiff and Ritch that grew out of the sale of timber by Ritch to Beem and there was no other business or controversy of any nature between them; that a document, hereafter set out in full, had been signed by the parties prior to the institution of the action and had been introduced in evidence without objection, therefore the fourth plea was sustained. The document referred to is in the following words, including signatures:

'Starke, Florida, Jany. 27th. 1925.

"'This is an acknowledgment of N. T. Ritch to John P. Sapp. and from John P. Sapp to N. T. Ritch, that they have this day made and effected a full, complete and entire settlement of all business transactions between each other to the present time. This includes all transactions also between Annie W. Sapp and the said N. T.

Ritch, and said Sapps and the Bradford County Bank.

"Bradford Co. Bank,

"N. T. Ritch, Pres.

"Annie W. Sapp.

"John P. Sapp."

The parties had stipulated that the cause should be tried by the court without a jury. The motion being made the plaintiff proffered to produce evidence to show that the amount collected by Mr. Ritch, as the result of the action against Wilson-Otwell and Cone Company was not included in the settlement referred to in the document, nor had the amount been collected at that time. The court denied the motion to allow the plaintiff to offer such evidence and granted the defendant's motion to find the facts in its favor and entered judgment against the plaintiff. A motion for a new trial was denied and the plaintiff took a writ of error.

There are nine assignments of error. The first and second are not argued and will therefore be considered as abandoned. See Porter v. Parslow, 39 Fla. 50, 21 South. Rep. 574.

The plaintiff in error contends that the demurrer to the fourth plea should have been sustained. The attack made upon it is that the plea does not aver that there was a dispute between the parties, nor that the compromise was made before the action was brought, nor that the whole claim was in dispute and that it is not sufficient against a married woman.

The plea was not one of accord and satisfaction. It possessed none of the elements of such a plea which are necessary to validity. While the rule permits a liberal construction of pleas of accord and satisfaction the necessary legal elements requisite to such defense should be embodied in the plea. There is a permissible inference against the pleader that the amount paid was less than the sum demanded, but there is no averment that the plain-

tiffs accepted the sum in satisfaction of the claim nor is there an averment that there was any agreement between the parties as to the sum to be paid by the defendant. See 1 Ency. Pl. & Prac. 77.

The most favorable construction that can be placed on the plea is that it is one of part payment but even such construction would be of no value to the defendant as the amount paid to the plaintiff is not averred. See 1 C. J. 576.

The demurrer to the plea should have been sustained. There was error also in holding that the plea as one of accord and satisfaction was supported by the document submitted in evidence and signed in the name of Bradford County Bank, N. T. Ritch, President. That document, if proof of anything, is that the parties had "effected a full, complete and entire settlement of all business transactions between each other." The nature of the settlement is not disclosed nor whether it relates to the matters pending at the Bank only or includes the claim against N. T. Ritch. The language perhaps comprehends all transactions between Annie Sapp and Mr. Ritch, but it cannot be stated that it shows a sum of money or other thing of value to have been paid in satisfaction of the claim and so received by the parties.

The court erred in finding that the facts supported the plea and in overruling the demurrer to it.

The new trial should have been granted. So the judgment is reversed.

BUFORD, C.J., AND BROWN, J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.