STATE, *ex rel.* H. F. MOHR, v. J. M. LEE, as Comptroller.

164 So. 519.

Division B.

Opinion Filed December 3, 1035.

H. F. *Mohr*, Orion C. *Parker, Jr.*, and W. H. *Poe*, for Plaintiff in Error;

*Cary D. Landis*, Attorney General and *Robert J. Pleus*, Assistant, for Defendant in Error.

TERRELL, J.—Alternative writ of mandamus herein was directed to the Comptroller commanding him to draw his warrant in the sum of $4200.00 for salary due relator for services performed as State Attorney for the Seventeenth Judicial Circuit of Florida for the period beginning July 1, 1931, and ending June 30, 1933, or to show cause why he refused to do so. A motion to quash was granted, final judgment was entered, and writ of error was prosecuted to that judgment.

The sole question necessary to be determined is whether the salary of relator as State Attorney for the Seventeenth

Judicial Circuit for the period beginning July 1, 1931, and ending June 30, 1933, was controlled by Chapter 12275, Acts of 1927, or by Chapter 15720, Acts of 1931. The official capacity of relator and the performance of the service is not denied.

. Chapter 12275, Acts of 1927, provided that the salary of State Attorneys for judicial circuits composed of two counties and having a population of more than 60,000 according to the last State or Federal census should be $5400.00 per annum. Chapter 15720, Acts of 1931, was an "Act to fix the annual salaries of certain state officers and employees." It in terms fixes the compensation of State attorneys in a half dozen different classes but does not by inference or otherwise attempt to change or alter the classification in which relator falls under the former Act. It may be that the Legislature intended different but such intent was not expressed and this Court and the administrative departments are not clothed with legislative power.

. The record discloses that relator was appointed and qualified as State Attorney for the Seventeenth Judicial Circuit July 31, 1931, that he was appointed for a term of four years, and was still performing his duties as such at the time of the institution of this action June 23, 1934. The record also discloses that the 1930 Federal census gave the Seventeenth Judicial Circuit, composed of the counties of Orange and Osceola, a population of 50,436 and that the result of that census was made known early in 1930. When the result of the 1930 census became known the salary of all State Attorneys in circuits with a population of 60,000 or more automatically advanced to $5400 per year.

Respondent contends that Chapter 12275, Acts of 1927, had reference to and fixed all salaries therein as of the

Federal census of 1920 or the State census of 1925. We find nothing to support this contention. The Act employs the last named census as a datum for fixing salaries but it speaks in terms of the last State or Federal census and when such language is employed the courts have generally construed them as ambulatory and being so the 1930 Federal census, the results of which were known prior to July 1, 1931, would be the governing census for the purpose of fixing relator's salary. This rule would not follow if the Act was static to a dated census.

It is next contended by respondent that relator's claim is barred by laches. This contention is without merit. It is shown that relator remanded his compensation on the basis of $5400.00 per annum immediately after his first month's salary was due but the Comptroller declined to pay him except on the basis of $3300.00 per annum as provided by Chapter 15720, Acts of 1931, fixing the salary of State officers. This amount was accepted under protest and the present action was brought before the term for which relator was appointed expired.

The fact that the biennium for which relator's salary was fixed under the 1927 Act had expired or the fact that the 1927 Act was repealed by Chapter 15859, Acts of 1933, and that from the date of the last named Act relator received a salary of $3000.00 per annum is not material and has no bearing on this case.

Under Section 3 of Article XVI of the Constitution all officers' salaries are payable monthly on their own requisition irrespective of the appropriation bill or any amount fixed in it if there is an existent statute fixing the amount of such compensation. The relator is a State officer, he performed the services for which he claims compensation, and Chapter 12275, Acts of 1927, fixed his compensation.

He should have been paid as provided in this Act for the biennium in question, there being no intention shown in the 1931 Act to repeal it. Advisory Opinion to the Governor, 114 Fla. 520, 154 So. 154.

We have examined People, *ex rel,* v. Brown, 281 Ill. 390, 118 N. E. 67, and other cases cited by respondent in support of its contention and none of them are in conflict with this view. The most of them involved the salary of employees where it was alleged that the fund appropriated for payment had been exhausted or had reverted to the State Treasury by law. Here it is shown that funds are on hand subject to payment of the claim and the trend of decisions in this State has been that when an officer has performed the service funds to pay him are technically in the Treasury for that purpose until paid, even though the general fund has reverted by statute. This is unquestionably the sound rule and comports with Section Three of Article Sixteen of the Constitution. The State is in no sense required to play favorite to or even to be generous to a citizen or block of citizens, in fact it is reprehensible to do so, but good ethics and justice require it under all circumstances to be square. To be less than square breeds hate and hate breeds contempt for law and order and those institutions which make for a sound democracy.

The judgment below is accordingly reversed with directions to overrule the motion to quash and proceed in harmony with the view as expressed in this opinion.

Reversed.

ELLIS, P. J., and BUFORD, J. J., concur in the opinion and judgment.