State *ex rel.* L. A. Perkins v. J. M. Lee, as State Comptroller.

194 So. 315
Opinion Filed February 27, 1940

*Oven & Oven,* for Relator;

*George Couper Gibbes,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for Respondent.

PER CURIAM.—This is an original proceeding in mandamus instituted by L. A. Perkins, former Marshal of the Supreme Court, against J. M. Lee, as Comptroller, for the issuance of a State Warrant in payment of certain back salary.

The petition recites that the position of Marshal of the Supreme Court was created by Chapter 12087, Acts of 1927; that Relator was appointed Marshal of the Court immediately after said Acts became effective, and held the position until his retirement, due to ill health, on September 1, 1935; that Relator retired under the provisions of the Act for Retirement of State Employees, at half pay, to-wit, $125.00; that while the salary of the Marshal during Relator's active service was fixed by statute at $250.00 per month, yet from July 1, 1933, up to and including August 31, 1935, Relator was paid only $200.00 per month, because "the Legislature which convened in the year 1933 made a lump sum appropriation for the Supreme Court which was inadequate to pay in full the salaries of the officers and employees thereof and Relator was requested to draw only for the time the sum of $200.00 instead of his full pay of $250.00 per month"; that Relator applied to the Chief Justice for the following order on the Comptroller, which was granted:

"SUPREME COURT OF FLORIDA

"TALLAHASSEE

"November 15, 1939

"The State of Florida

to

"L. A. Perkins, Former Marshal, Dr.

"For Back Salary from July 1, 1933, to August 31, 1935, at $50.00 per month, $1300.00

"Approved: "GLENN TERRELL,
Chief Justice."

That upon receipt of said order Relator presented the same to Respondent, J. M. 'Lee, as Comptroller, but the latter refused to honor it, contending he must have a "court order" before he could pay it.

An alternative writ of mandamus issued commanding J. M. Lee, as Comptroller, to honor the order of the Chief Justice on him, in favor of L. A. Perkins, in the sum of $1300.00, and commanding Respondent to issue and deliver to L. A. Perkins, a Warrant on the State Treasurer in the sum of $1300.00, payable to L. A. Perkins, out of the General Revenue Fund, or show cause before this Court on a day certain why he failed and refused to do so.

A motion to quash, embodying four grounds, was filed by Respondent Comptroller.

Respondent failed to argue the first three grounds of the motion to quash in his brief, and these grounds may be considered as abandoned. See J. W. McWilliams Co. v. Travers, 96 Fla. 203, 118 So. 54; McClure v. Century Estates, 96 Fla. 568, 120 So. 4; Atlantic Coast Line R. Co. v. Watkins, 97 Fla. 350, 121 So. 95; McSween v. State Live Stock Sanitary Board of Florida, 97 Fla. 749, 750, 122 So. 239, 64 A. L. R. 508; Burnett v. Greene, 97 Fla. 1007, 122 So. 570, 69 A. L. R. 244; Sapp v. Atlantic National Bank of Jacksonville, 105 Fla. 507, 141 So. 605; White v. Crandall, 105 Fla. 70, 143 So. 871; Bennett v. Senn, 106 Fla. 446, 144 So. 840; Florida Motor Lines v. Bradley, 121 Fla. 581, 164 So. 360.

The fourth ground of the motion to quash was:

"That it affirmatively appears from the allegations of

said writ that the claim of Relator, if any, is barred by the statute of limitations."

In support of this ground, Respondent cites in his brief Sec. 4663 (5) C. G. L., which provides:

"4663 (2939) *Limitations.* Actions other than those for the recovery of real property can only be commenced as follows: * * *

"5. Within Three Years. 1. An action upon a liability created by statute, other than a penalty of forfeiture."

The Article under which this Section of the statute is found in the Compiled General Laws of 1927 and in the Revised General Statutes of 1920 is entitled "Provisions Applicable to Actions Other Than Real Actions." The title of this Article indicates that all of the statutes of limitations found thereunder are applicabale to those situations where it is necessary to institute an action to reduce the claim to judgment before it can be enforced. Such statutes of limitations do not cover a situation where salary is due a State officer or employee by virtue of a statute on the subject, in which case it is not necessary to reduce the claim to judgment before seeking to enforce it by mandamus against the proper officer, whose duty it is to issue the warrant. The claim for salary fixed by statute and due a State officer or employee under that statute is enforceable by mandamus without first resorting to an action to determine the enforceability of the claim, whereas the actions referred to in the quoted statute embrace those liabilities created by statute where the claims must first be reduced to judgment before they may be enforced.

While mandamus is classed as a legal remedy, it is a remedial process, which is awarded, not as a matter of right, but in the exercise of a sound judicial discretion and upon equitable principles. It is an extraordinary remedy, which

will not be allowed in cases of doubtful right, and it is generally regarded as not embraced within statutes of limitation applicable to ordinary actions, but as subject to the equitable doctrine of laches. Tampa Water Works Co. v. City of Tampa, 77 Fla. 705, 82 So. 230. Taking the allegations of the petition to be true, which must be done on motion to quash, Relator was requested to draw for the time only $200.00 instead of $250.00 per month. There is nothing in the petition to indicate that Relator waived his statutory right to the unpaid $50.00 per month for the period of time from July 1, 1933, to August 31, 1935, but only that he, upon request, postponed the time of payment of that amount, upon appropriate voucher. Neither does it affirmatively appear from the petition or the alternative writ that Relator has been guilty of laches in presenting his requisition to the Comptroller for this back salary. See State ex rel. Henderson v. Foley, 118 Fla. 885, 160 So. 522.

The acceptance of less compensation than that established by statute for the position does not estop an officer or employee whose salary is set by statute from subsequently claiming the statutory salary. See Masters v. State, 100 Fla. 1660, 131 So. 773; 46 C. J. 1027, Sec. 275.

Chapter 12087, Acts of 1927, creating the position of Marshal of the Supreme Court, carries with it its own continuing appropriation, which provides for the salary of the Marshal at the rate of $3,000.00 per annum, payable in monthly installments of $250.00 each, upon approval of the Chief Justice.

Where a valid statute requires a stated payment to be made to a state officer or employee for authorized services rendered, the statute and not administrative discretion controls as to such payment. State ex rel. Weeks v. Gamble, 13 Fla. 9; State ex rel. Simmons v. Lee. 119 Fla. 745, 160 So. 886.

Where a State officer or employee has performed services under a statute fixing his salary, funds to pay him are technically in the State treasury for that purpose until paid, even though the general fund, from which it is paid, has reverted by statute. State *ex rel.* Mohr v. Lee, 121 Fla. 852, 164 So. 519.

The motion to quash is denied, with leave to Respondent to file a return, if so advised, within ten days, otherwise peremptory writ will issue.

It is so ordered.

TERRELL, C. J., WHITFIELD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.