238 So.2d 843 (1970)
STATE of Florida, ex rel. Norman Francis HAFT, Petitioner,
v.
Honorable Tom ADAMS, As Secretary of State of the State of Florida, Respondent.
No. 40106.
Supreme Court of Florida.
August 25, 1970.
Irving M. Wolff, Miami, for petitioner.
Earl Faircloth, Atty. Gen., and W.E. Bishop, Jr., Asst. Atty. Gen., for respondent.
PER CURIAM.
This is an original proceeding in mandamus by which the Relator seeks to compel the Respondent, as Secretary of State, to declare the Relator to be the only duly qualified candidate of the Democratic Party for the office of Judge of the Criminal Court of Record of Dade County and therefore the nominee of that party for that office; and, further, to prohibit the Respondent from placing on the ballot for the primary election to be held September 8, 1970, the names of the other three candidates (two Democrats and one Republican) who have heretofore qualified and paid a qualifying fee for the office in question. The alternative writ issued as prayed, and *844 the cause is now before the court on the question of the issuance of the peremptory writ.
As gleaned from the Relator's Petition and Brief, the facts are as follows: The Relator's claim that he is the only candidate for nomination to the office who is "duly qualified" rests solely on the fact that he paid a qualifying fee of $855 (based on a salary of $28,500), whereas the other candidates paid only $793 (based on a salary of $26,500). (The candidate Morphonius paid an additional $60 on July 23, after the deadline for qualifying, July 21, had passed.) At the time the two Democratic candidates qualified for the office and paid their qualifying fee, July 7, the salary of the office as fixed by ordinance of the Board of County Commissioners of Dade County was $26,500. However, the 1970 Legislature adopted Chapter 70-571, a general law of local application effective in counties having a population of more than four hundred thousand, which fixed the salaries of judges of criminal courts of record at the same level as the circuit judges serving in the same county. It simultaneously adopted Chapter 70-572, repealing Chapter 70-571 insofar as it related to counties having a population of more than four hundred thousand but less than nine hundred thousand. Both of these statutes became effective on July 8, 1970. The candidate for the Republican Party nomination and the Relator qualified for the office subsequent to the adoption of this statute  the former on July 17 and the Relator on July 21, the final date for qualifying. As noted above, the former paid the qualifying fee based on the old salary of $26,500, while the Relator paid the fee based on the new salary fixed by Chapter 70-571.
Apparently, the Board of County Commissioners re-adopted the ordinance fixing the salary at $26,500 subsequent to July 8, according to a statement in Relator's Petition. Thus, at the time the two Democratic Party candidates paid their filing fees, and apparently at the present time, there was in existence an ordinance of the Dade County setting the salary at the amount upon which the fee paid by them was computed.
It is well settled that mandamus is a discretionary writ that is awarded, not as a matter of right, but in the exercise of a sound judicial discretion and upon equitable principles. "It is an extraordinary remedy, which will not be allowed in cases of doubtful right, and it is generally regarded as not embraced within statutes of limitations application to ordinary actions, but as subject to the equitable doctrine of laches." State ex rel. Perkins v. Lee, 1940, 142 Fla. 154, 194 So. 315, 317. See also State ex rel. Long v. Carey, 1935, 121 Fla. 515, 164 So. 199, 206, in which it was held that, even though Relator had a clear legal right for which mandamus was an appropriate remedy, the writ would not be issued when to do so would result in disorder, confusion and disturbance. And in State v. Burns, Fla.App. 1959, 109 So.2d 195, the court further noted that
"If issuance of the writ will not promote substantial justice or would lend aid to the effectuation of a probable injustice, the court may properly decline to grant the writ."
Further, as stated in State ex rel. Allen v. Rose, 123 Fla. 544, 167 So. 21,
"* * * when it comes to the matter of restraining the enforcement of a statute, ordinance, or an administrative rule or order, claimed to be illegal, and to threaten irreparable injury to the complainant, the remedy by injunction is ordinarily appropriate and adequate. * * *"
See also State ex rel. Howarth v. Jordan, 1932, 105 Fla. 322, 140 So. 908, in which the court declined to issue the writ to compel the circuit court clerk to accept a qualifying *845 fee of $18 instead of a higher fee based on a special act raising the salary of the office, the Relator's contention being that he was entitled to the writ because the special act fixing compensation was unconstitutional. The court said that the special act "purports to fix the salaries of the members of the board of county commissioner * * *, and the clerk of the circuit court of Volusia County is without authority to hold the act inoperative or invalid." Here, the clerk accepted the fee that was appropriate to the salary as of the date that two of the other candidates qualified for the office, under the County ordinance. One of these candidates has paid the additional amount computed on the basis of the statutory salary. Certainly, as to this candidate the Relator has shown no clear legal right to the writ.
Moreover, regardless of whether the statute or the ordinance controls the salary of the office in question (a question that we do not decide), we are not disposed to lend our aid to Relator in furtherance of his plan to belatedly take advantage of what may be some confusion in the amount of the qualifying fee.
The record does not show at what point the Relator learned of the salary situation, but at least he knew of it on July 21, 1970, the time he insisted on paying the higher qualifying fee; however, it was not until August 11, 1970, or twenty-one days later, that he sought to invoke the jurisdiction of this court, well knowing that the first primary election in Florida this year is scheduled for September 8th and that it would be necessary to print ballots, mail out absentee ballots, and make other arrangements for the orderly holding of such primary election. To undertake to interfere with the election process at this late date, even if a clear legal right were shown, would result in confusion and injuriously affect the rights of third persons. In Florida Jurisprudence, Volume 21, Page 319, Mandamus, paragraph 9, we read: 
"It is an accepted doctrine that courts in the exercise of their discretionary power to issue extraordinary writs will look to the public interests that may be concerned. This is true where injunctive relief is sought, and is, with equal reason, a matter which will be taken into consideration in determining whether a writ of mandamus shall issue in a particular case. The court may properly refuse to issue the writ if its issuance would result in confusion and disorder, or an injury to the public that outweighs the relator's individual right to the relief sought. * * *"
The foregoing is in accord with the general rule announced in State ex rel. Long v. Carey, 121 Fla. 515, 164 So. 199, at Page 206.
The matter having been disposed of for the reasons above stated, rulings on other questions presented, such as the constitutionality vel non of certain statutes and nonjoinder of certain parties, are not necessary to this decision. But compare S. & J. Transportation, Inc. v. Gordon, Fla., 176 So.2d 69.
Since the short time remaining before the first primary election does not permit oral argument, such is dispensed with under the authority of Rule 3.10(e) of the Florida Appellate Rules, 32 F.S.A.
We therefore hold that Relator has come with "too little, too late", nor has he shown a clear legal right, so the alternative writ is quashed and the cause dismissed.
It is so ordered.
ERVIN, C.J., and ROBERTS, THORNAL, CARLTON and ADKINS, JJ., concur.