369 So.2d 432 (1979)
Donna Mae HOWDESHELL, Lawrence M. Howdeshell, and Howdeshell Plumbing, Inc., Appellants,
v.
The FIRST NATIONAL BANK OF CLEARWATER et al., Appellees.
No. 78-1880.
District Court of Appeal of Florida, Second District.
April 6, 1979.
*433 Neil R. Covert, of Gormin, Geoghegan, Easley & Granese, P.A., Clearwater, for appellants.
J. Paul Raymond and Stephen O. Cole, of McMullen, Everett, Logan, Marquardt & Cline, P.A., Clearwater, for appellee First National Bank.
SCHEB, Judge.
Appellants challenge entry of a summary final judgment in favor of appellee bank, arguing that appellee's failure to controvert the affirmative defenses pled by appellants precludes summary judgment. We agree.
Appellee sued to foreclose a mortgage, and appellants responded by motion to dismiss. Before appellants filed an answer, appellee moved for summary judgment. With their subsequent answer, appellants asserted the affirmative defenses of extension of time for payment, estoppel, lack of consideration, laches and unconscionability. Appellee submitted nothing further, later arguing that the defenses asserted were insufficient. The trial court agreed with appellee and granted summary judgment.
In order for a plaintiff to obtain a summary judgment when the defendant asserts affirmative defenses, the plaintiff must either disprove those defenses by evidence or establish the legal insufficiency of the defenses. Stewart v. Gore, 314 So.2d 10 (Fla.2d DCA 1975). See Johnson & Kirby, Inc. v. Citizens National Bank of Fort Lauderdale, 338 So.2d 905 (Fla.3d DCA 1976); Pompano Paint Company v. Pompano Beach Bank & Trust Company, 208 So.2d 152 (Fla.4th DCA 1968). Appellee made no attempt to disprove the defenses. Its only affidavit was submitted before the affirmative defenses were filed, and, of course, did not address those defenses. Although in some instances such defenses as pled may merely raise "paper issues", and summary judgment may still be proper, Home Federal Savings & Loan Association of Hollywood v. Emile, 216 So.2d 443 (Fla. 1968); Reflex, N.V. v. Umet Trust, 336 So.2d 473 (Fla.3d DCA 1976), the burden is on the moving party to show lack of any genuine issue of material fact. Without any evidentiary submission by appellee to refute the affirmative defenses, appellants had no duty to submit any evidence in support of its defenses. Skaf's Jewelry, Inc. v. Antwerp Import Corp., 150 So.2d 260 (Fla.2d DCA 1963). Thus we need not consider the sufficiency of appellants' affidavits.
Since the trial court's summary judgment was not bottomed on a factual refutation of appellants' affirmative defenses, we must determine whether the legal insufficiency of those defenses was demonstrated. While some of appellants' affirmative defenses were either improper defenses to foreclosure of a mortgage or were inadequately pled, we nevertheless find two of appellants' defenses legally sufficient.
Appellants' first affirmative defense stated:
Defendants allege that Plaintiff, through oral representation and past conduct, has agreed to extend the time of payment of *434 the Notes and Mortgages sought to be foreclosed herein for valuable consideration.
Generally, an oral modification of a written contract is valid. Such an agreement to extend the time for payment when given for a valuable consideration may be a defense to foreclosure. American Securities Co. v. Goldsberry, 69 Fla. 104, 67 So. 862 (1915). Therefore, appellants' first defense sufficiently raises the affirmative defense of extension of time for payment.
Appellants' third affirmative defense alleged:
Defendants allege that the second Note and Mortgage dated August 14, 1975, sought to be foreclosed herein fail for want of consideration in that no consideration flowed either from or to the abovecaptioned Plaintiff or Defendants herein, and as a result thereof, said second Note and Mortgage dated August 14, 1975, are unenforceable.
Lack of consideration is a defense to a contract action and likewise to a suit to foreclose a mortgage. Gabel v. Drewry's Ltd., U.S.A., Inc., 68 So.2d 372 (Fla. 1953). We note that one early Florida case found a simple statement of lack of consideration insufficient as an affirmative defense. Ahren v. Willis, 6 Fla. 359 (1855). Ahren, however, was based on outmoded pleading practices and is contrary to modern trends holding a general averment sufficient. See 61 Am.Jur.2d Pleading § 166 (1972). We find a general averment of lack of consideration to be more consistent with the general rules of pleading contained in Fla.R.Civ.P. 1.110. So, appellants' third defense sufficiently raises the defense of lack of consideration.
As noted, appellee's motion for summary judgment and its supporting affidavit were filed before appellants filed their answer and affirmative defenses. The trial court, in its discretion, may grant appellee leave to file a new motion for summary judgment, or to supplement its prior motion with affidavits specifically directed to appellants' affirmative defenses.
We reverse the order granting summary judgment and remand this cause for further proceedings consistent with this opinion.
BOARDMAN, A.C.J., and OTT, J., concur.