ON REHEARING
GLICKSTEIN, Judge.
This court issued its opinion in this case on November 28, 1979, wherein we stated *1088 that appellant’s answer admitted the existence of an antecedent debt. The answer actually denied its existence even though the four affirmative defenses alleged the debt existed. There is no question that there can be inconsistent defenses alleged by the defendant in its answer and affirmative defenses. Accordingly, the previously issued opinion is modified to eliminate therefrom any reference to the answer of appellant admitting the existence of an antecedent debt. The modification, however, does not change the result.
The manager of the Mid-Atlantic Division of Foremost Insurance executed the affidavit in support of the motion for summary judgment. Paragraph 3 thereof states:
3. Prior to on or about February 4,1977, Mobile Agency, Inc., had business transactions with Plaintiff, as a result of which Plaintiff was owed the sum of $154,837.02. In accordance with its agreements, Plaintiff did forward monthly statements as to the account.
If there were a genuine issue as to the existence of the antecedent debt on February 4, 1977, it was incumbent upon the defendant to submit evidence by affidavit in support of its defenses to refute plaintiff’s claim, once the plaintiff had submitted evidence setting forth the presence of this indebtedness. See Howdeshell v. First National Bank of Clearwater, 369 So.2d 432 (Fla. 2d DCA 1979). Instead, paragraph 1 of the affidavit in opposition to the motion for summary judgment alleges that “the statements made in the Answer to the Complaint and Affirmative Defenses are true” and paragraph 3 of the latter affidavit says:
3. It has not been established what amounts, if any, Mobile Agency, Inc., owes to the Plaintiff, and because of this the notes sued upon are not in default inasmuch as they were assigned merely to secure whatever debt Mobile Agency, Inc., owed to Plaintiff.
Section 673.303(1), (2), Florida Statutes (1979), provides that a holder takes the instrument for value:
(1) To the extent that the agreed consideration has been performed or that he acquires a security interest in or a lien on the instrument otherwise than by legal process; or
(2) When he takes the instrument in payment of or as security for an antecedent claim against any person whether or not the claim is due . . .
In our opinion the counter-affidavit failed to create a genuine issue; therefore, we affirm.
The issue of damages remains to be tried.
AFFIRMED.
MOORE and BERANEK, JJ., concur.