432 So.2d 100 (1983)
Robert E. FAUSSNER, Appellant,
v.
Milton L. WEVER, Sr., a/k/a M.L. Wever, Sr., Appellee.
No. 82-1825.
District Court of Appeal of Florida, Second District.
April 20, 1983.
Rehearing Denied May 31, 1983.
*101 Martin Errol Rice of Skelton, Willis & Rice, St. Petersburg, for appellant.
Walter E. Smith of Meros, Coit, Edman, Meros, Smith & Meros, P.A., St. Petersburg, for appellee.
LEHAN, Judge.
A purchaser under a contract for the sale of real estate sued for specific performance. Upon the seller's motion the trial court entered final summary judgment for seller on the complaint. The trial court also entered final summary judgment in favor of the seller on the seller's counterclaim, awarding the earnest money deposit as contractual liquidated damages. The purchaser appeals from the summary judgment. We affirm the summary judgment entered on seller's motion. We reverse the summary judgment on the counterclaim which was not shown to have been entered on any motion of a party.
The contract contained a clause saying that "time is of the essence." The purchaser was unable to raise the necessary money with which to close by the closing date fixed in the contract. There were then several extensions of the closing date, giving the purchaser additional time in which to obtain the money. The first extension was oral and was then reduced to writing. The second extension was also oral and reduced to writing. Each of those extensions was given in consideration of an additional earnest money deposit. There was then a further one-day oral extension, extending the closing to noon on September 16, 1981. Seller fulfilled his part of this oral extension by making himself available on September 16 at the broker's office for closing at approximately noon. However, the purchaser still had not obtained the necessary money by the time the seller appeared at the broker's office. The seller agreed to return after lunch, did so, was told the money had still not arrived, and left.
Appellant purchaser argues for the existence of still another extension to a time later on September 16 on the basis of an alleged further extension agreement, waiver or estoppel against seller. Such further extension, waiver or estoppel is claimed by appellant to exist through the seller's alleged "okay" to a telephone request by the broker at about 4:30 p.m. on September 16 asking the seller to return to the broker's office for the closing because the money was then available. The seller did not return.
We do not find support in the record for the argument of purchaser that there was *102 still another extension to approximately 4:30 p.m. on September 16, that the seller waived the "time is of the essence" clause, or that seller was estopped to deny a further extension to 4:30 p.m.
Where, in a contract to convey lands, it is expressly covenanted by an indenture that time shall be of the essence of the contract, the plaintiff, to have specific performance must perform or offer to perform within the time specified, unless his delay is sufficiently excused or waived. Nonperformance of a contract for the conveyance of land within the specified time may be excused so as to authorize specific performance when the defendant caused the delay, as by evading tender or performance, or by causing the plaintiff to be misled or to make a mistake as to his rights, or the delay may be waived expressly or impliedly by the agreement or contract of the defendant.
L'Engle v. Overstreet, 61 Fla. 653, 55 So. 831 (1911). There was no evidence that even if seller's response to the broker's request to return to the broker's office were construed to be another agreement by the seller to close, there would have been any consideration for such an agreement or any change of position by the purchaser that afternoon at 4:30 p.m. which would support an estoppel against the seller. Nor did the evidence show a waiver by seller, i.e., an intentional relinquishment of seller's right to not close that afternoon. The last extension argued for by purchaser was purported to further extend the closing approximately four hours after expiration of the last actual extension at noon which had been for approximately one hour.
As to the trial court's entry of summary judgment on seller's counterclaim for liquidated damages, to wit, forfeiture of the deposit money, purchaser claims lack of proper notice prior to the entry of that summary judgment. Seller argues that the summary judgment entered in favor of seller on the counterclaim necessarily followed from the granting of the summary judgment on the complaint. Whether or not the purchaser could conceivably have raised a defense to the counterclaim, the record shows notice to purchaser's attorney of a hearing on only the seller's motion for summary judgment on the complaint. It appears that summary judgment on the counterclaim was not addressed by any motion and that there was no notice to purchaser as required by Rule 1.510, Florida Rules of Civil Procedure. It may be that upon motion and notice as required by Rule 1.510, the purchaser will be unable to allege or prove a defense to the counterclaim. However, the procedure followed here for entry of summary judgment on the counterclaim was not basically different from entry of summary judgment on oral motion without advance notice, which was found to be erroneous in Lazer v. Allen, 347 So.2d 457 (Fla. 2d DCA 1977). Lazer notes the importance of scrupulous observance of the notice requirements prior to entry of summary judgment.
The final summary judgment on the complaint is affirmed. The final summary judgment on the counterclaim is reversed. On remand seller is not precluded from moving for summary judgment on the counterclaim.
HOBSON, A.C.J., and DANAHY, J., concur.