452 So.2d 132 (1984)
Thelma REDDING, f/k/a Thelma L. Powell, Individually, Haletta Y. Powell, a Minor, Yolanda D. Powell, a Minor, and Sabrina N. Powell, a Minor and Thelma Redding, F/K/a Thelma L. Powell, As the Natural Guardian of Haletta Y. Powell, Yolanda D. Powell and Sabrina N. Powell, Appellants,
v.
Zelma D. POWELL and Elma Anderson, Appellees.
No. 83-1783.
District Court of Appeal of Florida, Second District.
June 15, 1984.
*133 Morris W. Milton of Williams & Milton, P.A., St. Petersburg, for appellants.
William D. Slicker of Zewadski & Whitelock, P.A., St. Petersburg, for appellees.
RYDER, Judge.
Appellants, one of the original mortgagors and the other original mortgagor's successors, seek review of the final summary judgment granting foreclosure in favor of appellees, the current holders of the note and mortgage. We reverse for several reasons.
Appellees brought suit to foreclose on a parcel of property equitably co-owned by appellants because of appellants' alleged failure to make the final payment due on June 29, 1978 pursuant to the mortgage and note, and to maintain insurance on the property as required by the mortgage. Appellees also alleged they had declared the entire amount owing under the note and mortgage to be due, and, therefore, appellants owed them $869.97 in principal, plus interest, expenses, and attorney's fees. The note and mortgage were attached to the complaint. The $3,000.00 note stated the payments were "[p]ayable at the rate of $80.00 per month including interest and principal commencing June 29, 1973 with remaining balance due June 29, 1978." With respect to a default, the mortgage provided:
Should any of the above covenants be broken, then said note and all moneys secured hereby shall without demand, if the Mortgagee so elects, at once become due and payable and the mortgage be foreclosed, and all costs and expenses of collection of said moneys by foreclosure or otherwise, including solicitor's fees should be paid by the Mortgagor, and the same are hereby secured.
In response, appellants filed an answer, three affirmative defenses, and a counterclaim. They denied any default had occurred and also denied that appellees were owed $689.97 in principal plus interest, expenses, and attorney's fees. Appellants' affirmative defenses were stated as follows:
(1) The Defendants have been ready, willing and able to pay off the mortgage since September of 1982 when it was first learned that a balance was still owed, but the Plaintiffs would not accept *134 said money, although it was offered prior to any attempt by the Plaintiffs to collect on the mortgage.
(2) Since on or about February 21, 1983, the Plaintiff's Attorney has had in his possession the sum of $873.13 to cover the principal and balance and interest due on the mortgage and reimbursement for a clearing fee.
(3) The Defendant only owed the Plaintiff $589.97 plus interest up to December 1, 1982. And any other sum of money paid by the Plaintiffs were a gift to Hal Powell their brother and son respectively for their personal convenience.
Finally, in the counterclaim appellants sued for an accounting and to compel appellees to give them a satisfaction of mortgage.
Subsequently, appellees filed a motion for summary judgment[1] and attached the affidavit of appellee Zelma Powell, which merely restated verbatim what had been alleged in the complaint. Appellants then filed the affidavit of appellant Thelma Redding, f/k/a Powell, three days prior to the hearing on the motion for summary judgment.[2] After a hearing on the motion, the trial court granted the aforementioned summary judgment in favor of appellees, and appellants timely appealed after the court denied their motion for rehearing.
Two of appellants' contentions on appeal in support of reversal deserve our attention. The first of these is that appellees failed to conclusively refute appellants' affirmative defenses, thereby precluding summary judgment as to appellees' claim. The other argument is that the final summary judgment entered did not affect appellants' counterclaim.
With respect to appellants' first argument, it is clear that "for appellees to obtain a summary judgment it was incumbent upon them to establish the non-existence of any genuine issue of any material fact by either disproving or establishing the legal insufficiency of the appellant's affirmative defenses." Stewart v. Gore, 314 So.2d 10, 12 (Fla. 2d DCA 1975). First Independent Bank v. Stottlemyer & Shoemaker Lumber Co., 384 So.2d 952 (Fla. 2d DCA 1980); Howdeshell v. First National Bank of Clearwater, 369 So.2d 432 (Fla. 2d DCA 1979). Appellants' first affirmative defense seems to be legally insufficient because, under the mortgage agreement, the holders had no duty after the remaining payment was not paid on June 29, 1978 to demand payment before foreclosing. It was undisputed that no payment was made by appellants on that date. However, appellants' second and third affirmative defenses are legally sufficient and were not negated by the affidavit filed by appellees.
We believe appellants' second defense sufficiently sets forth an affirmative defense of accord and satisfaction, Sapp v. Atlantic National Bank, 105 Fla. 507, 141 So. 605 (1932), and it involves a question of fact with regard to the intention of the parties that was not conclusively refuted by Zelma Powell's affidavit. Howdeshell. The jury must resolve the conflict as to the intention of the parties and make the final determination as to the occurrence of an accord and satisfaction. Best Concrete Corp. v. Oswalt Engineering Service Corp., 188 So.2d 587 (Fla. 2d DCA 1967). Moreover, even should the trier of fact find that there has been no accord and satisfaction of the debt, it still must determine how much money appellees are entitled to under *135 the mortgage and note. This is because Zelma Powell's affidavit did not conclusively negate the third defense which sufficiently stated an affirmative defense of gift, Roe v. Roe, 91 Fla. 840, 124 So. 734 (1929), that is, that appellees' predecessor in interest made a gift to appellants' predecessor in interest of any sums of money owed over $589.97 plus interest. Howdeshell.
Lastly, we hold the summary judgment did not dispose of appellants' counterclaim because the record indicates that neither appellees' motion for summary judgment nor the court's order granting summary judgment specifically mentioned or referred to the counterclaim. Faussner v. Wever, 432 So.2d 100 (Fla. 2d DCA 1983). We point out, however, that appellees are not precluded from filing a motion for summary judgment on remand as to the counterclaim in accordance with Faussner and Florida Rule of Civil Procedure 1.510.
REVERSED and REMANDED for proceedings consistent herewith.
HOBSON, A.C.J., and SCHEB, J., concur.
NOTES
[1] "Plaintiffs, Zelma D. Powell and Elma Anderson, move this Court to enter an order of summary judgment against the defendants and as grounds therefore state: The pleadings, affidavits, and other documents in the record show that there is no genuine issue of material fact and the plaintiffs are entitled to summary judgment as a matter of law."
[2] Appellees' contention that Thelma Redding's affidavit was not timely filed is without merit. The document was stamped "filed" in the Clerk of the Circuit Court's office on July 22, three days prior to the hearing on the motion for summary judgment. See Fla.R.Civ.P. 1.510(c). However, even if the trial court did not consider this affidavit before granting the motion (the validity of this assertion is not clear from the record), we need not base our reversal on this apparent error.