BOOTH, Judge.
Appellant, Cynthia Sandlin, defendant below, seeks review of the order granting final summary judgment entered in favor of appellee, McKinney-Green, Inc. We reverse.
On September 7, 1982, Danny Sandlin Home Builders, Inc. (Corporation) and ap-pellee, a mortgage lender, entered into a construction loan agreement for the construction of a duplex upon real property owned by the corporation and described in the construction loan agreement. The corporation was also the maker of a promissory note and mortgagor of a mortgage to appellee, both note and mortgage being part of the construction loan agreement. The promissory note was personally guaranteed by Danny Sandlin and his wife, Cynthia Sandlin, the appellant. The Corporation began performance of the construction loan agreement, and the appellee dispensed $10,000 to the Corporation.
In December, 1982, the Corporation’s President, Danny Sandlin, notified the ap-pellee that, due to financial problems, it would not be able to complete construction of the improvements on Lot 77 as required by the construction loan agreement. Appellant alleges that at this time the appel-lee, through its president, and the Corporation, through its president, Danny Sandlin, orally agreed that, in exchange for a conveyance of Lot 77 and the improvements thereon from the Corporation to J. Phillip Weidler, an employee of appellee, and to Shirley Z. Weidler, his wife, the appellee would complete construction of the duplex. Appellee completed the construction of the duplex. On March 29, 1983, the Corporation executed and delivered a warranty deed to Lot 77 and the improvements thereon to J. Phillip Weidler, an employee of the appellee, and to Shirley Z. Weidler, his wife.
On April 26, 1983, the appellee filed its complaint against the Corporation, Danny Sandlin, and the appellant for payment of the promissory note. On June 29, 1983, a suggestion of bankruptcy was filed, staying the proceedings as to the corporation and Danny Sandlin. Thereafter, on September 22, 1983, summary final judgment in the amount of $14,233.46 was entered against the appellant, and this appeal followed.
The appellant raises three issues here: (1) that the summary final judgment should be reversed because the record shows a genuine issue of a material fact concerning an oral agreement for discharge of the note, thereby releasing the appellant from liability; (2) that there exists a genuine issue of a material fact as to the amount owed; and (3) that the appellee released the security for its note to the appellant’s detriment and without her consent or knowledge, in violation of Section 673.606, Florida Statutes. The third issue was not before the trial court and cannot be considered for the first time on appeal. However, as to the first and second issues, supra, we agree with appellant that summary judgment was improper due to existing material issues of fact.[1] The record before us raises doubt as to whether there was an oral agreement for discharge of the note and as to the amount owed, if any. When affirmative defenses are raised by a defendant, a summary judgment cannot be entered if the plaintiff neither disproves those defenses by evidence nor establishes their legal insufficiency. Howdeshell v. First National Bank of Clearwater, 369 *495 So.2d 432, 433 (Fla.2d DCA 1979). In the case sub judice, the appellee did not carry its burden of either disproving the appellant’s affirmative defenses by evidence or establishing the legal insufficiency of those defenses.
Accordingly, the judgment below is set aside and the cause reversed and remanded for further proceedings consistent herewith.
ERVIN, C.J., and WENTWORTH, J., concur.

. "If the pleadings, depositions, answers to interrogatories, admissions, affidavits and other evidence in the file raise the slightest doubt upon any issue of material fact then a summary judgment may not be entered." Connell v. Sledge, 306 So.2d 194, 196 (Fla. 1st DCA 1975), cert. dismissed, 336 So.2d 105 (Fla.1976).