PARKER, Judge.
Buman and Gail Thomas appeal a final summary judgment entered against them and in favor of Jack Mayberry in an action which Mayberry filed to recover real property. We reverse, concluding that there are material factual issues in dispute which preclude the entry of a summary judgment.
Mayberry filed a complaint against the Thomases seeking to eject them from his property. The Thomases filed an answer containing affirmative defenses and asserted the following: the parties entered into a lease-purchase option; the Thomases performed their obligations under the lease option; if any obligations were not performed, Mayberry had prevented their performance; the Thomases had made arrangements to complete the transaction but Mayberry failed to appear; and the Thom-ases were ready, willing, and able to close the lease option. The Thomases attached to their answer a copy of the residential lease with option to purchase dated January 16, 1985. The document reveals that the lease option was for a period of sixty months from January 16, 1985, through January 16, 1990, and that the Thomases paid $26,646 cash to Mayberry under the lease option (which was thirty percent of the purchase price). Mayberry’s address was listed as 9114 Pebble Creek Drive, Lutz, Florida 33549, and all notices to May-berry required under the lease were valid if sent to that address. The agreement pro *1326 vided that time was of the essence. The option required notice of exercise of the option to be sent by certified mail to May-berry at the Lutz address and the deposit of funds equal to the mortgage loan balance with an escrow agent designated by the Thomases. Both the lease and the option expired on January 16, 1990. The Thomases also filed a counterclaim for breach of lease option, unjust enrichment, and specific performance.
Mayberry filed a motion for summary judgment and a supporting affidavit. May-berry’s affidavit, in part, provided:
4. That the Defendants went into occupancy of said home on or about January 16, 1985 and have refused to vacate said premises despite being requested to do so by Plaintiff.
5. That Defendants paid rent through April, 1990 but have failed and refused to pay any further rent beginning in July, 1990.
6. The option expired January 16, 1990 and has never been exercised by Defendants.
7. Specifically, Defendants have never mailed any notice of exercise of option to Plaintiff either at 9114 Pebble Creek Drive, Lutz, Florida 33549 or at Plaintiff’s current address, 6161 Lake Tahoe Drive, Jacksonville, Florida 32256.
8. Additionally, Defendants have never designated an escrow holder nor delivered funds in any amount to an escrow holder as required by the lease option.
9. That when Plaintiff moved from Lutz, Florida to Jacksonville, Florida, he filed the proper change of address form with the U.S. Postal Department and received numerous items of mail which were properly addressed to him at 9114 Pebble Creek Drive, Lutz, Florida 33549.
Gail Thomas filed an opposing affidavit which, in part, provided:
2. The option contract was exercised by the defendants before its expiration, as follows:
a) Defendants were unable to mail a notice to plaintiff because he prevented them from doing so by not giving them his correct address, copy of undeliverable mail dated 12-30-89 attached.
b) Plaintiff further telephoned defendants in October of 1989 and made an appointment to meet with them on 12-24-90, to close the sale of the subject property.
c) Plaintiff did not show up for the appointment which he himself had made, but refferred [sic] the defendants to Mr. Harry Hopes, of Apollo Beach Real Estate, whom all parties agreed would be the escrow agent for closing this transaction.
d) Plaintiff then held himself incognito from Mr. Hopes and the ... defendants until after 1-16-90, so that the transaction could not be closed in the prescribed time period.
3. Plaintiff never gave Mr. Hopes or the defendants notice of his new mailing address until well after 1-16-90, and the attached envelope[1] shows that the post office did not forward defendants [sic] mail to him. Therefore, his dealings with the post office are irrelevant.
The trial court granted the motion for summary judgment and entered a final summary judgment for Mayberry. The Thom-ases filed a motion for rehearing and filed an affidavit of Mrs. Thomas which included the following additional facts. In January 1990, Mayberry’s wife called Mrs. Thomas and requested the January 1 rent. Mrs. Thomas advised Mrs. Mayberry during the conversation that they wished to exercise the option. Mrs. Mayberry told Mrs. Thomas not to worry about the exercise of the option because Mr. Mayberry was very easy going. The Thomases continued to make monthly rental payments and waited for a scheduled closing. Mayberry accepted rent from the Thomases through February 1991. The trial court denied the motion for rehearing.
*1327 We conclude that there are material factual issues in dispute which preclude the entry of a summary judgment. Without considering the affidavit which the Thom-ases filed in support of their motion for rehearing, there remains a material question of fact as to whether the Thomases attempted to exercise the option and were prevented from doing so by the actions of Mayberry. In order to obtain a summary judgment when the defendant asserts affirmative defenses, the plaintiff must either disprove those defenses by evidence or establish the legal insufficiency of such defenses. Howdeshell v. First Nat’l Bank of Clearwater, 369 So.2d 432, 433 (Fla. 2d DCA 1979). Mayberry failed to do so in this case.
Reversed and remanded for further proceedings consistent with this opinion.
RYDER, A.C.J., and FRANK, J., concur.

. An attached envelope mailed to Mayberry’s Lutz address reflected a stamp from the postal carrier indicating "moved,” "temporary order expired," and "attempted not known” and a handwritten note stating “wrong address.”