PER CURIAM.
Miami Child’s World, Inc. appeals from a final order of summary judgment. We affirm.
Miami Child’s World (MCW) sued the City of Miami Beach for various causes of action arising from its unsuccessful attempts to purchase from the City a parcel of land in northern Dade County. Central to MCWs suit was the allegation that the City had agreed to a series of extensions of time for the closing date, and that the repeated extensions constituted a waiver of the contract’s “time is of the essence” clause. We disagree.
The 1990 sales contract called for a closing date of June 29, 1990; provided that “time was of the essence”; and incorporated a provision allowing MCW to extend the closing to September 28, 1990, upon payment of an extension fee of $15,000.00. Even after exercising the right to extend the closing date, MCW was not able to close, and requested an additional eighteen-month extension. The City agreed to a four-month extension, until January 31, 1991. MCW, still unable to acquire financing, was not able to meet the closing date of January 31, 1991, and asked for a one-year extension. The City rejected that request, but allowed MCW until February 20. MCW was not able to close on February 20; the City terminated the sales contract on March 7,1991.
As a matter of law, the City’s repeated extensions of the closing date did not amount to a waiver of the “time is of the essence” clause. See Faussner v. Wever, 432 So.2d 100 (Fla. 2d DCA) (where seller gave repeated extensions of time to purchaser, who was unable to raise funds for purchase of real estate, those extensions did not constitute waiver or estoppel), rev. denied, 440 So.2d 351 (Fla.1983). MCWs only premise for its waiver argument was the City’s patience and forbearance evidenced by its -repeated granting of extensions. As in Faussner, forbearance alone is insufficient to establish a waiver.
We find no merit in the remaining points on appeal. The trial court properly entered summary judgment, as there remained no material issues of fact in dispute as to any of MCWs claims. .
AFFIRMED.