# Fifth District Court of Appeal
## State of Florida

_____

Case No. 5D2023-3366
LT Case No. 2023-32217-CICI

_____

Florida Pace Funding
Agency, A Public Body
Corporate and Politic,

      Appellant,

      v.

Will Roberts, as Tax Collector
for Volusia County, Florida,

      Appellee.

_____

On Appeal from the Circuit Court for Volusia County.
Dennis Craig, Judge.

James C. Dinkins, of CivForge Law, P.A., Orlando, for Appellant.

Timothy R. Qualls, of Young Qualls, P.A., Tallahassee, and Peter D. Webster and Thomas M. Findley, of Carlton Fields, Tallahassee, and Stephen G. Webster, of Webster & Baptiste, Tallahassee, for Appellee.

September 27, 2024

Per Curiam.

Affirmed.

LAMBERT and HARRIS, JJ., concur.
MACIVER, J., concurs specially, with opinion.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––

MACIVER, J., concurring specially.

I fully concur in the per curiam affirmance of this case. I write separately to briefly address what appears to me to be a point of confusion about the extraordinary aspect of mandamus relief.

In *Pleus v. Crist,* the Florida Supreme Court observed that "[t]o be entitled to mandamus relief, 'the petitioner must have a clear legal right to the requested relief, the respondent must have an indisputable legal duty to perform the requested action, and the petitioner must have no other adequate remedy available.'" 14 So. 3d 941, 945 (Fla. 2009) (citing *Huffman v. State*, 813 So. 2d 10, 11 (Fla. 2000)). Reducing that to logical terms, the premise described is *A may only happen if B.* Such a premise is not the same as *if B happens then A happens*. In other words, "to be entitled to mandamus" describes necessity, not sufficiency.

The parties in this case seem to misapprehend the above language to mean that if the elements of mandamus are met then one is entitled to mandamus. That is not the case. "It is well settled that mandamus is a discretionary writ that is awarded, not as a matter of right, but in the exercise of a sound judicial discretion and upon equitable principles." *State ex rel. Haft v. Adams*, 238 So. 2d 843, 844 (Fla. 1970).

To hold otherwise would make mandamus relief available as a matter of right, converting an extraordinary remedy into an ordinary one and violating both binding precedent and the long-settled understanding of the nature of the writ.